**COLE SCHOTZ P.C.**
Nolan E. Shanahan
Jacob S. Frumkin
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Tel:    (212) 752-8000
Fax:    (212) 752-8393

*Counsel for Atlas Union Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Penny Ann Bradley, | Case No. 18-10122 (JLG) |
| Debtor. | |

**MOTION OF ATLAS UNION CORP. FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULE 2004: (I) AUTHORIZING
THE ISSUANCE OF A SUBPOENA FOR THE PROVISION OF
TESTIMONY BY THE DEBTOR AND (II) COMPELLING
THE PRODUCTION OF DOCUMENTS BY THE DEBTOR**

TO THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE:

Atlas Union Corporation ("Atlas"), by and through its undersigned counsel, submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The relief requested herein is warranted under Bankruptcy Rule 2004.

**BACKGROUND**

4.      On January 18, 2018, Penny Ann Bradley ("Bradley" or the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1]

5.      On January 29, 2018, Atlas filed a stay relief motion [Docket No. 11] (the "Stay Motion") seeking, among other things, to validate the sale to Atlas of certain membership interests (the "Membership Interests") held by the Debtor in Norfolk, which is the managing member of NSM82 LLC (the "NSM82").  NSM82 is the owner of certain real property located at 46 East 82nd Street, New York, NY 10028 (the "Property") and the borrower of a loan made by Atlas with respect to the Property (the "Loan").

6.      As further described in the Stay Motion, Atlas is the plaintiff in a pre-petition lawsuit filed against Bradley, Norfolk and certain other unnamed defendants, seeking, among other things, a money judgment against Bradley based on her personal guarantee of the Loan (the "Guarantee").

7.      On March 1, 2018, the Debtor filed her *Schedules of Assets and Liabilities* [Docket No. 27] (the "Schedules"), listing Atlas as the holder of (i) a disputed secured claim in the amount of $0.00 in connection with the Membership Interests and the Loan; and (ii) an unliquidated, disputed general unsecured claim in the amount of $0.00 in connection with the Guarantee.

---

[1] On January 17, 2018, Bradley, in her capacity as the managing member of Norfolk Street Management LLC ("Norfolk"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code for Norfolk under Case No. 18-10113.

2

8. On May 21, 2018, the Stay Motion was resolved pursuant to that certain *Stipulation and Agreed Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Docket No. 41].

9. The only material activity in the chapter 11 case other than litigation surrounding the Stay Motion was the Debtor's filing of her *Motion for an Order Dismissing Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)(1)* [Docket No. 35] (the "Motion to Dismiss"), which was opposed by Russell and Lydia Pollack (collectively, the "Pollacks"). *See* Docket No. 43.

10. The Motion to Dismiss was fully briefed by July 12, 2018, and has since been adjourned multiple times at the request of Bradley. *See, e.g.*, Docket Nos. 57, 59 and 64. The stated purpose of these adjournments was to negotiate a "settlement" with the Pollacks in connection with their claim against NSM82, Norfolk and Bradley in a pending New York State Court action, which currently is stayed by virtue of this chapter 11 case.

## RELIEF REQUESTED

11. Pursuant to Bankruptcy Rule 2004, Atlas seeks entry of the Proposed Order (i) authorizing Atlas to issue a subpoena compelling oral examination under oath by Bradley on all matters within the scope of Bankruptcy Rule 2004(b), to be conducted upon at least fifteen (15) days' prior written notice; and (ii) compelling Bradley to respond to the document requests attached to the Proposed Order as Exhibit I within twenty (20) days of entry of the Proposed Order.

## BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Pursuant to Bankruptcy Rule 2004, a party in interest may seek both documents and oral discovery related to

3

"acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Id. 2004(b), (c).

13. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

14. Unlike discovery under the Federal Rules of Civil Procedure, discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device." In re Wilson, 413 B.R. 330, 336 (Bankr. E.D. La. 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." In re Almatis B.V., No. 10-12308 (MG), 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010). Consequently, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties. In re Symington, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (stating that Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

15. Moreover, "the scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition." In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); see also Enron Corp., 281 B.R. at 840.

16. The decision whether to authorize the requested discovery rests within the discretion of the bankruptcy court. See, e.g., Bank One, Columbus, N.A. v. Hammond (In re

4

Hammond), 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992).  Moreover, relief may be granted on an *ex parte* basis.  Symington, 209 B.R. at 688 ("Rule 2004 motions are generally granted *ex parte*."); see also Chambers' Rules of the Honorable James L. Garrity, Jr. (permitting *ex parte* submission of Bankruptcy Rule 2004 orders).

17. Although Bankruptcy Rule 2004 discovery can properly go on a broad and unfettered "fishing expedition," the information sought by Atlas is narrowly tailored to issues relating to Bradley's assets and liabilities as disclosed on the Schedules.  Indeed, the requested relief is well within the scope of Rule 2004 because it would authorize Atlas to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets, examin[e] transactions and assess[] whether wrongdoing has occurred."  Recoton, 307 B.R. at 755.

18. Notwithstanding the filing of her petition approximately fourteen (14) months ago, other than the Schedules there has been no meaningful disclosure of the nature of Bradley's assets and liabilities, including any exploration into the value of her various real estate holdings and membership interests in numerous business entities.  Nor has there been any disclosure of the material terms of the purported "settlement" between Bradley and the Pollacks, including the source of any funds required to consummate such transaction.  Bradley has, in essence, enjoyed the benefits of the automatic stay afforded by bankruptcy without any of the scrutiny generally associated with a chapter 11 filing.

19. Moreover, the amount of Atlas's claim against Bradley has not yet been fixed as a foreclosure sale for the Property has not yet been completed.  In light of the current amount due and the state of the market, a conservative estimate is that Bradley ultimately will owe Atlas in excess of $2.5 million based on the Guarantee.

20. Accordingly, for the reasons and authorities stated herein, Atlas respectfully requests that the Court grant the Motion and permit Atlas to conduct a Bankruptcy Rule 2004 examination of the Debtor.

## NOTICE

21. As set forth above, Bankruptcy Rule 2004 motions generally are granted *ex parte*. Moreover, this Court's chambers procedures specifically authorize a party in interest to submit an order approving a motion under Bankruptcy Rule 2004 *ex parte*. Accordingly, Atlas respectfully submits that no other or further notice need be provided for this Court to grant the requested relief.

## NO PRIOR REQUEST

22. No previous application for the relief sought herein has been made by Atlas to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, Atlas respectfully requests that this Court enter the Proposed Order granting the relief sought herein and grant such other relief as the Court deems just and proper under the circumstances.

Dated: March 14, 2019
      New York, New York

                              COLE SCHOTZ P.C.

By:   */s/ Nolan E. Shanahan*
       Nolan E. Shanahan
       Jacob S. Frumkin
       1325 Avenue of the Americas, 19th Floor
       New York, NY 10019
       Telephone: (212) 752-8000
       Facsimile: (212) 752-8393
       nshanahan@coleschotz.com
       jfrumkin@coleschotz.com

       *Counsel for Atlas Union Corp.*

# **EXHIBIT A**

# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Penny Ann Bradley,<br><br>      Debtor. | Chapter 11<br><br>Case No. 18-10122 (JLG) |

**ORDER PURSUANT TO BANKRUPTCY RULE 2004**
**(I) AUTHORIZING THE ISSUANCE OF A SUBPOENA FOR THE**
**PROVISION OF TESTIMONY BY DEBTOR AND (II) COMPELLING**
**THE PRODUCTION OF DOCUMENTS BY THE DEBTOR**

  Upon the motion (the "Motion")[1] of Atlas Union Corp. ("Atlas"), for entry of an order (i) authorizing Atlas to issue a subpoena compelling oral examination under oath of the Debtor; and (ii) compelling the Debtor the respond to the document requests attached hereto as Exhibit I within twenty (20) days of entry of this Order; and the Court having reviewed and considered the Motion and accompanying papers; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) the Motion is properly made and considered ex parte and no further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is hereby

  ORDERED, that, pursuant to Bankruptcy Rule 2004, Atlas is authorized to issue a subpoena compelling oral examination of the Debtor on all matters within the scope of Bankruptcy Rule 2004(b), which examination shall be conducted upon at least fifteen (15) days' prior written notice at the offices of Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor,

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

New York, New York 10019, unless otherwise agreed between Atlas and the Debtor, and it is further

ORDERED, that, pursuant to Bankruptcy Rule 2004, within twenty (20) days after entry of this Order, the Debtor shall respond to the document requests listed on Exhibit I hereto pursuant to the instructions therein by: (a) providing Atlas with a written response that complies with the definitions and instructions therein; (b) providing Atlas with a privilege log in accordance with Bankruptcy Rule 7026 for any document withheld from Debtor's production on the basis of privilege; and (c) producing to Atlas at the offices of Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, the documents requested therein that are in the custody, control or possession of the Debtor; and it is further

ORDERED, that Atlas is authorized to serve the subpoena and any other documents to be served on the Debtor in connection with the relief granted hereunder via regular, first-class U.S. mail with copy via e-mail to the Debtor's counsel, and Debtor is required to serve all written responses to Atlas as provided for in this Order via regular, first-class U.S. mail with copy via e-mail to Atlas' counsel, Nolan E. Shanahan, whose e-mail is nshanahan@coleschotz.com; and it is further

ORDERED, that this Order is without prejudice to the rights of Atlas to apply to the Court for further relief related to discovery of the Debtor or otherwise; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examinations and the production of documents.

Dated: _____, 2019
      New York, New York

                                      HONORABLE JAMES L. GARRITY, JR.
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT I

## **DEFINITIONS AND RULES OF CONSTRUCTION**

1.  Pursuant to Local Civil Rule 26.3, incorporated by reference in this proceeding pursuant to Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, the following definitions and rules of construction are deemed incorporated herein:

(a) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(b) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(c) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(e) A party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its members, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party.

(f) The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(g) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(h) The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(i) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j) The use of the singular form of any word includes the plural and vice versa.

2. The terms, "you," "your," and "Debtor" shall mean and refer to Penny Ann Bradley, her agents, employees, representatives, attorneys and/or all persons purporting to act on her behalf.

3. "Atlas" shall mean and refer to Atlas Union Corp., its agents, members, employees, directors, offices, shareholders, representatives, subsidiaries, affiliates, related companies, predecessor companies, attorneys and/or all persons purporting to act on its behalf.

4. The term "NSM82 LLC" shall mean and refer to NSM82 LLC, the owner of the Property and formerly known as 46 East 82nd Street LLC, its agents, members, employees,

2

directors, offices, shareholders, representatives, subsidiaries, affiliates, related companies, predecessor companies, attorneys and/or all persons purporting to act on its behalf.

5.      The term "Property" shall mean and refer to that certain real property located at 46 East 82nd Street, New York, New York 10028.

## INSTRUCTIONS

1.      Each request shall be construed to include all documents within Debtor's possession, custody or control.

2.      Electronically stored information is to be produced in native format, unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production. In addition, it is requested that all electronically stored information be produced as .TIFF images with Concordance load files and shall be in searchable format (*i.e.*, OCR).

3.      If Debtor withholds information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, Debtor must, consistent with Rule 7026 and Local Civil Rule 26.2 of the United States District Court for the Southern District of New York, expressly make such claim in a writing to Atlas that provides a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for Atlas to determine whether there is an adequate basis for invoking privilege or protection. Such writing shall be served on Atlas no later than upon the completion of the Debtor's document production.

4.      If Debtor's response to any production request is any other objection, Debtor must produce all documents not covered by the objection and state the basis of the objection.

5. If any document responsive to these requests has been destroyed, state when the document was destroyed, identify the person who destroyed the document and the person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the document, identify the persons who created, sent, received or reviewed the document and state in as much detail as possible the contents of the document.

## DOCUMENTS REQUESTED

1. Documents concerning Debtor's interest in the property located at 425 East 63rd Street, Apt. E1K, New York, New York 10075, including, but not limited, to all documents concerning the acquisition, conveyance, encumbrance, and occupancy of such property.

2. Documents concerning Debtor's interest in the property located at 455 Main Street, Apt. 4-5, New York, New York, including, but not limited, to all documents concerning the acquisition, conveyance, encumbrance, and occupancy of such property.

3. Documents concerning Debtor's interest in the property located at 530 Prospect Avenue, State College, Pennsylvania, including, but not limited, to all documents concerning the acquisition, conveyance, encumbrance, and occupancy of such property.

4. Documents concerning Debtor's interest in the property located at 40 East 78th Street, Apt. 11F, New York, New York, including, but not limited, to all documents concerning the acquisition, conveyance, encumbrance, and occupancy of such property.

5. Documents concerning the personal and household items valued at $10,000.00 as set forth in Debtor's Schedule A/B, Item 14.

6. Documents concerning Debtor's interest in 52 East 64th Street, LLC, including, but not limited to, any operating agreements for the entity, financial statements for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and

personal property owned by the entity, and documents demonstrating the $2,000,000.00 value of Debtor's interest therein, as set forth in Debtor's Schedule A/B, Item 19.

7. Documents concerning Debtor's interest in Bistro Shop, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

8. Documents concerning Debtor's interest in Bistro Shop Downtown, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

9. Documents concerning Debtor's interest in 15 East 61st Street, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

10. Documents concerning Debtor's interest in 39 West 76th St, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

11. Documents concerning Debtor's interest in Sixpence Developments, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any

54451/0003-16967023v4

real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

12. Documents concerning Debtor's interest in PYNEMA, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

13. Documents concerning Debtor's interest in 226 W 15th St, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

14. Documents concerning Debtor's interest in Norfolk Street Management II, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

15. Documents concerning Debtor's interest in PBOR, LLC, including, but not limited to, any operating agreements for the entity, financial statement for the entity, all K-1s received by Debtor in connection with the entity, documents demonstrating any real and personal property owned by the entity, and documents demonstrating the value of Debtor's interest therein.

16. Documents concerning communications between Debtor and any member of NSM82 from the time of the filing of Debtor's petition to the time of your response.

17. Documents concerning communications between Debtor and any individual or entity concerning or concerning the Property from the time of the filing of Debtor's petition to the time of your response.

18. Documents concerning communications between Debtor and any individual or entity concerning or concerning any parcels of real property adjacent to the Property from the time of the filing of Debtor's petition to the time of your response.

19. Documents concerning the purported secured claims of A.S. Bretan as listed on Debtor's Schedule C.

20. Documents demonstrating the source of all funds received by Debtor since the filing of your petition.

21. Documents demonstrating the source of all funds paid by or on behalf of Debtor for her daily expenses, including, but not limited to, rent, utilities, insurance, attorneys' fees, food, and clothing, since the filing of your petition.

22. Documents demonstrating all transfers of property, including, but not limited to, real property, personal, property, securities, commodities, and cash, by Debtor to any third party, including, but not limited to, entities in which Debtor held a membership or ownership interest at the time of transfer, for the period from January 1, 2013 to the present.

23. Documents, including communications, related to any proposed settlement of claims by Russell and Lydia Pollack against Debtor, including, but not limited to, all proposed settlement terms and draft settlement documents.

54451/0003-16967023v4