**LaMonica Herbst & Maniscalco, LLP**  **Presentment Date: July 8, 2019 at 10:00 a.m.**
3305 Jerusalem Avenue, Suite 201  **Objections Due: July 1, 2019**
(516) 826-6500
Gary F. Herbst, Esq.
Jordan Pilevsky, Esq.

*Proposed Special Counsel to Penny Ann Bradley*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                          Chapter 11

PENNY ANN BRADLEY,                                              Case No.: 18-10122 (JLG)

        Debtor.
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF THE APPLICATION APPROVING EMPLOYMENT
OF LAMONICA HERBST & MANISCALCO, LLP AS SPECIAL COUNSEL
TO THE DEBTOR AND DEBTOR-IN-POSSESSION**

      **PLEASE TAKE NOTICE** that LaMonica Herbst & Maniscalco, LLP ("LH&M"), on behalf of Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), will present the annexed proposed Order, Application, and Affidavit (collectively, the "Application"), approving the employment of LH&M, as special counsel to the Debtor, for signature and approval to the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, Southern District of New York, in his Chambers at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 on **July 8, 2019 at 10:00 a.m.**

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than **July 1, 2019** (the "Objection Deadline") as follows: (I) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe

1

Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable drive in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the Application is not filed by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may So Order the Application without further notice.

**PLEASE TAKE FURTHER NOTICE, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.**

Dated: June 18, 2019
      Wantagh, New York

                                 **LaMonica Herbst & Maniscalco, LLP**
                                 *Proposed special counsel to the Chapter 11 Debtor and Debtor-in-Possession*

By:    *s/ **Jordan Pilevsky***
         Jordan Pilevsky, Esq.
         A Partner of the Firm
         3305 Jerusalem Avenue, Suite 201
         Wantagh, New York 11793
         (516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                      Chapter 11

PENNY ANN BRADLEY,                                       Case No.: 18-10122 (JLG)

            Debtor.
---------------------------------------------------------------x

**APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP
AS SPECIAL COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), submits the instant application (the "Application") seeking to retain and employ LaMonica Herbst and Maniscalco, LLP ("LH&M") as her special counsel in her bankruptcy case, and respectfully states as follows:

**Background**

1. On January 18, 2018 (the "Petition Date"), the Debtor, *pro se*, filed a voluntary petition (the "Petition") for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On March 1, 2018, the Debtor filed her bankruptcy schedules and statement of financial affairs. See Dkt. No. 27.

3. By Order dated March 14, 2018, the Debtor retained Daniel S. Alter ("Alter") as her general bankruptcy counsel in this case. See Dkt. No. 32.

4. The Debtor has continued in the management of her business and operation of her affairs as a debtor and debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed and, upon information and belief, no

official committee of unsecured creditors has been formed.

6. On March 30, 2018, the Debtor filed a motion seeking to dismiss this Chapter 11 case (the "Motion to Dismiss"). Several subsequent pleadings objecting to, or in support of, the Motion to Dismiss have been filed. See Dkt. Nos. 35, 44, 48, 50, 54, 72 and 87.

7. On March 28, 2019, the Court entered an Order in favor of Atlas Union Corp., pursuant to Bankruptcy Rule 2004, compelling the production of documents by the Debtor (the "Atlas 2004 Order"). See Dkt. No. 85.

8. On April 8, 2019, the Court entered an Order in favor of NSM82 LLC, pursuant to Bankruptcy Rule 2004, compelling the Debtor to appear for an examination and to produce documents (the "NSM82 2004 Order"). See Dkt. No. 89.

9. The Debtor engaged LH&M as her special bankruptcy counsel to, among other things, represent the Debtor in connection with the Motion to Dismiss, the Atlas 2004 Order, the NSM82 2004 Order, and overall negotiations in connection therewith.

**Relief Requested**

10. The Debtor desires to retain and employ LH&M as her special counsel under a general retainer to perform the legal services set forth below. The Debtor was informed that each of the attorneys who will be engaged in these services is duly admitted to practice in this Court, as well as the Courts of the State of New York.

11. Alter will remain the Debtor's general bankruptcy counsel throughout these proceedings.

12. The Debtor selected LH&M because it has considerable experience in matters of this nature. The Debtor believes that LH&M is well qualified to act as her attorneys and to represent her in this case.

13. Post-petition, LH&M was paid the sum of $50,000 by Ridge Restoration, Inc. as an advanced retainer to represent her as special counsel in this case.

14. The professional services that LH&M is to render to the Debtor may be summarized as including:

- (a) providing legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in accordance with the provisions of the Bankruptcy Code in the continued operation of its business and the management of her property;

- (b) representing the Debtor in connection with the Motion to Dismiss, the Atlas 2004 Order, the NSM82 2004 Order and overall negotiations in connection therewith; and

- (c) Reviewing and responding to any contested matters, adversary proceedings and other litigation type services regarding the Motion to Dismiss, the Atlas 2004 Order and the NSM82 2004 Order.

15. To the best of the Debtor's knowledge, LH&M represents no interest adverse to the Debtor, her estate, or any other interested person in the matter in which LH&M is being retained by the Debtor. Annexed hereto is an affidavit (the "Affidavit") of Gary F. Herbst, Esq., a member of LH&M. The Debtor is confident that the services rendered by LH&M will not overlap or be duplicative to the services of the Debtor's general bankruptcy counsel.

16. The Debtor submits that the retention of LH&M as special counsel is necessary and is in the best interest of the estate.

17. LH&M is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that LH&M:

- (a) is not a creditor, an equity security holder, or an insider;

- (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of each debtor; and

- (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by

        reason of any direct or indirect relationship to, connection with, or interest in, each debtor, or for any other reason.

18. No prior request for the relief sought herein has previously been made.

19. As a result of the foregoing, the Debtor respectfully requests that the retention and employment of LH&M as special counsel to the Debtor be approved.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order, substantially in the form annexed hereto, authorizing and approving the employment of LH&M as special counsel to the Debtor, and for such other and further relief as is just and proper.

Dated: June 3, 2019

        **Penny Ann Bradley**
        *Debtor and Debtor in Possession*


By:   *s/ Penny Ann Bradley*
      Penny Ann Bradley
      40 East 78th Street, Apt. 11F
      New York, New York 10075

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Jordan Pilevsky, Esq.

*Proposed Special Counsel for the Chapter 11 Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                    Chapter 11

PENNY ANN BRADLEY,                                        Case No.: 18-10122 (JLG)

                Debtor.
-----------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY
LAMONICA HERBST & MANISCALCO, LLP, AS SPECIAL COUNSEL
FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NASSAU             )

       Gary F. Herbst, Esq. being duly sworn, deposes and says that:

       1.    I am a member at the firm of LaMonica Herbst & Maniscalco, LLP, ("LH&M") with offices located at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice before this Court and the Courts of the State of New York.

       2.    I submit this affidavit in support of the application of Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession (the "Debtor") seeking the entry of an Order approving and authorizing the employment of LH&M as her special counsel in this Chapter 11 case. Unless otherwise stated in this affidavit, the facts set forth herein are based upon my personal knowledge and my review of documents and information provided to me by the Debtor.

       3.    In preparing this affidavit, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") regarding the employment of professionals by a debtor. I conducted a search of LH&M's client database to determine whether LH&M had any relationships with the Debtor. I also conducted a search to determine whether LH&M represents, or has represented, any creditors. Finally, all attorneys and para-professionals employed at LH&M conducted a conflicts search. No conflicts were identified. Annexed hereto as Exhibit "A" is a copy of the Creditor Matrix which was reviewed prior to executing this Affidavit.

4. To the best of my knowledge, LH&M is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor for any other reason.

5. Based upon the foregoing, LH&M does not believe that it is conflicted from representing the Debtor as her special counsel.

6. Subsequent to the filing of the Debtor's bankruptcy petition, LH&M was paid the sum of $50,000 by Ridge Restoration, Inc., on behalf of the Debtor as an advanced retainer to act as counsel to the Debtor and to represent her in this case. LH&M's acceptance and receipt of the advanced retainer from Ridge Restoration, Inc. will not in any way affect LH&M's independent professional judgment and ability to maintain client confidentiality.

7. LH&M possesses the requisite experience and expertise to advise the Debtor as her special counsel. LH&M has extensive experience representing debtors in Chapter 11 cases and is well versed in the Chapter 11 process. LH&M submits that its retention is essential to the

Debtor's fiduciary duties as a debtor and debtor-in-possession before this Court.

8. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, and the Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York.

9. LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and thirty-five dollars ($635.00) for partners.

10. I, along with my partners Joseph S. Maniscalco, Esq. and Jordan Pilevsky, Esq, will be primarily responsible for LH&M's representation of the Debtor.

11. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

Dated: June 3, 2019
      Wantagh, New York

*s/ Gary F. Herbst*
Gary F. Herbst, Esq.

Sworn to be before this the
3rd day of June 2019

*s/ Melanie A. Fitzgerald*
Melanie A. Fitzgerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021