```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
In re                              :    Case No. 18-10122 (JLG)

PENNY ANN BRADLEY,                 :    Chapter 11

            Debtor.                :
-----------------------------------X
```

**STATEMENT OF THE UNITED STATES TRUSTEE
IN SUPPORT OF THE MOTION OF NXM82 LLC TO APPOINT
A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(A)**

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

The United States Trustee for the Southern District of New York (the "United States Trustee") respectfully submits this Statement in Support of the Motion of NXM82 LLC to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) (ECF No. 131) (the "Motion"). In support thereof, the United States Trustee represents and alleges as follows:

**Statement**

The United States Trustee supports the Motion because cause exists for the appointment of a trustee under both Sections 1104(a)(1) and (a)(2) of the Bankruptcy Code. First, with respect to Section 1104(a)(1), there is clear and convincing evidence to show that the debtor, Penny Ann Bradley (the "Debtor"), has committed bankruptcy fraud, in violation of Title 18, United States Code, 152(2)-(3). Section 152 of the criminal code makes it a crime to "knowingly and fraudulently

make[] a false oath or account in or in relation to any case under title 11." 18 U.S.C. § 152(2). Section 152(3) of the criminal code makes it a crime for a person to "knowingly and fraudulently make[] a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to a case under title 11." 18 U.S.C. § 152(3).

At the Debtor's arraignment in People v. Bradley, Indictment No. 2134/2019 (Sup. Ct. N.Y. Co.), the Assistant District Attorney ("ADA") in charge of the prosecution told the court that law enforcement authorities had executed a search warrant at the Debtor's apartment (Declaration of Serene K. Nakano ("Nakano Dec."), Exh. A at 7). Authorities located "many luxury watches which are estimated to have a value of approximately $30,000" (id.). In addition, during the investigation, authorities learned that the Debtor purchased $98,000 in gold coins; such gold coins, however, were not located during the execution of the search warrant (id.). The ADA also stated that the Debtor had spent "thousands of dollars on ski clothing" (id. at 8).

The Debtor violated Section 152(3) of the criminal code by failing to disclose these assets in her schedules (the "Schedules") (Nakano Dec. ¶ 5, Exh. C). Specifically, Question No. 8 of the Schedules asked whether she had any collectibles of

value (Exh. C, pg 6 of 33). She checked the box "No" (id.). Question No. 11 asked for disclosure of clothing assets (id.). She reported only clothing valued at $1,000.00 (id.). Question No. 12 asked for disclosure of jewelry (id.). She reported jewelry valued at $7,000.00, including only one Rolex (id.). The Debtor signed her schedules under penalty of perjury (id, pg 20 of 33).

Next, the Debtor violated Section 152(2) of the criminal code by testifying at her meeting of creditors (the "341 Meeting") in substance and in part that her Schedules were accurate (Nakano Dec., Exh. B at 7). The Debtor was placed under oath at the 341 Meeting (id. at 4). She was shown a copy of her Schedules marked as UST Exh. 2 (id. at 7). She testified that she recognized UST Exh. 2 as true and correct copies of her Schedules (id.); that she signed the Schedules (id. at 8); that she read the Schedules before she signed them (id.); and that the information contained in UST Exh. 2 was true and correct to the best of her knowledge, information and belief (id.).[1]

Second, where, as here, all active creditors request the appointment of a Chapter 11 trustee (ECF Nos. 131, 133,

---

[1] The Debtor described amendments to the Schedules that she intended to make (Exh. B at 9-13, 41) but none to the portions of the Schedules pertaining to valuable collectibles, jewelry or clothes.

142), there is clear and convincing evidence of cause pursuant to 11 U.S.C. § 1104(a)(2), which requires such appointment in the interests of creditors.  A trustee should be appointed because the Debtor has lost the confidence of all active creditors in her ability to manage this case and to act as an estate fiduciary.  See In re Taub, 427 B.R. 208, 228 (Bankr. E.D.N.Y. 2010), aff'd, 2011 WL 1322390 (E.D.N.Y. 2011).

    WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order directing the appointment of a Chapter 11 trustee, and granting such other and further relief as may be deemed just and proper.

Dated:    New York, New York
          August 1, 2019

                         Respectfully submitted,

                         WILLIAM K. HARRINGTON
                         UNITED STATES TRUSTEE

                    By: */s/ Serene K. Nakano*
                        SERENE K. NAKANO
                        Trial Attorney