

1325 Avenue of the Americas
19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax
—
New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jacob S. Frumkin
Associate

Reply to New York Office
Writer's Direct Line: 646-563-8944
Writer's Direct Fax: 646-563-7944
Writer's E-Mail: jfrumkin@coleschotz.com

August 1, 2019

**Via ECF and E-mail (garrity.chambers@nysb.uscourts.gov)**

The Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    <u>In re Penny Ann Bradley, Case No. 18-10122 (JLG)</u>

Dear Judge Garrity:

    This firm is counsel to Atlas Union Corp. ("<u>Atlas</u>") in the above-referenced chapter 11 case of Penny Ann Bradley (the "<u>Debtor</u>"). In accordance with Your Honor's Chambers' Rules, Atlas hereby requests that Your Honor schedule a telephonic conference with respect to the *Debtor and Debtor-in-Possession's Motion to Estimate the Claim of Atlas Union Corp. Against the Debtor's Estate in the Amount of $0.00* [Docket No. 135] (the "<u>Motion</u>") at the Court's earliest convenience, given that the objection deadline is August 7, 2019 and a hearing on the Motion is scheduled for August 14, 2019. As discussed below, it is critical that a scheduling order be entered so that Atlas can conduct discovery regarding the numerous unsupported factual assertions made in the Motion.

    The Motion is premised upon an inadmissible "Comparative Market Analysis of Townhouse Sales," dated February 26, 2019, to establish the value of certain real property located at 46 East 82nd Street, New York, New York 10028 (the "<u>Property</u>") as of January 18, 2018, the date that the Debtor filed this bankruptcy case (the "<u>Petition Date</u>"). Relying on these statements, the Debtor takes the position that "the fair market value of the [Property] . . . indisputably exceeds the amount of Atlas' claim against the real property as of the [Petition Date]." *See* Motion at ¶ 1.[1] The Motion also contains numerous misstatements with respect to the procedural history of the various legal proceedings involving Atlas and the Debtor and assertions regarding the Debtor's conduct during this case that require exploration. Atlas submits that it is entitled to conduct discovery on, and establish its position with respect to, all such factual assertions, and that the Motion should not proceed on the schedule proposed by the Debtor. Indeed, Atlas has requested on multiple occasions that the Debtor agree to a reasonable discovery schedule with respect to the issues raised in the

---

[1] Notably, Atlas has not yet filed a proof of claim in this case because the bar date is not until August 19, 2019 or August 22, 2019. *See* Docket No. 137.

**www.coleschotz.com**

54451/0003-17635235v1

Cole Schotz P.C.

The Honorable James L. Garrity, Jr.
August 1, 2019
Page 2

Motion. Debtor's counsel, however, has effectively rejected Atlas's requests by, among other things, seeking to limit the scope of discovery or insisting that the Motion be heard concurrently with NSM82 LLC's pending motion to appoint a chapter 11 trustee [Docket No. 134] (the "Trustee Motion"). Atlas respectfully submits that the Motion and the Trustee Motion have no relationship to one another, and that the Trustee Motion should be heard and decided first because, if granted, the procedural posture of this case will be drastically altered. Moreover, as noted above, Atlas submits that it is entitled to discovery on all aspects of the Motion.

In light of Atlas's upcoming deadline to object to the Motion, and the critical need for Atlas to conduct discovery on same, Atlas hereby requests that the Court schedule a telephonic conference at its earliest convenience. We appreciate Your Honor's attention to this matter.

    Respectfully submitted,

    COLE SCHOTZ P.C.

    */s/ Jacob S. Frumkin*

    Jacob S. Frumkin

cc:    Daniel S. Alter, Esq.
        Joseph S. Maniscalco, Esq.
        Gary F. Herbst, Esq.
        Nolan E. Shanahan, Esq.
        Daniel F.X. Geoghan, Esq.