**LaMonica Herbst & Maniscalco, LLP**

*Moving Forward. Staying Ahead.*®

**Joseph S. Maniscalco, Esq.**
Member
p: 516.826.6500 x218
jsm@lhmlawfirm.com

August 1, 2019

**Via ECF & E-Mail (Garrity.chambers@nysb.uscourts.gov)**
Honorable James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      **Re:   Penny Ann Bradley
             Chapter 11
             Case No. 18-10122 (JLG)**

Dear Judge Garrity:

    This firm is special counsel to Penny Ann Bradley (the "Debtor"). This letter is in response to the letter of Atlas Union Corp. ("Atlas") dated August 1, 2019 regarding the motion to estimate the claim of Atlas at $0.00 (the "Motion"). While the Debtor does not object to any conference the Court may want to hold, I have provided several different discovery scheduling order proposals to Atlas in an attempt to resolve the perceived discovery dispute. In doing so, I have also attempted to narrow the issues with Atlas and its counsel. In fact, Atlas has agreed that the dispute in the Motion is very narrow and that each party should engage the services of an appraiser in order to provide a valuation of the real property known as 46 East 82nd Street, New York, NY 10028 (the "Property"). If the Debtor is correct and the value of the Property exceeds the amount of the Atlas claim as of the Filing Date of January 18, 2018, then there is no guaranty deficiency to Atlas and they are not a creditor in the case. If the value of the Property is less than the amount Atlas is owed as of the Filing Date, then the Debtor will have to provide for an Atlas claim in her plan of reorganization. Despite their agreement, Atlas has now changed positions and wants to engage in a massive discovery hunt in connection with the Motion and delay the process as long as possible. Their original proposed discovery scheduling order actually sought to have an evidentiary hearing in November. That was not acceptable to the Debtor.

    Instead, the Debtor proposed the following:

| | | |
|---|---|---|
| (a) | Retention of Appraisers and Appraisal | August 16, 2019 |
| (b) | Deposition of Appraisers | August 27-28, 2019 |
| (c) | Supplemental Papers to be Filed | September 6, 2019 |
| (d) | Evidentiary Hearing | September 12, 2019[1] |

---

[1]   Depending on the Court's availability.

**LaMonica Herbst & Maniscalco, LLP**

Honorable James L. Garrity, Jr.
August 1, 2019
Page 2

      In addition, I requested that Atlas file a response to the Motion and then treat the initial hearing on the Motion as a status of the parties' respective positions. Atlas denied each request to articulate to the Court and the Debtor in writing its legal position. Instead, Atlas desires a lengthy process while its counterpart NSM 82, LLC pursues the Trustee Appointment Motion. Discovery of the Motion should be simple and streamlined.

      Finally, we are in the process of engaging an appraiser to conduct an appraisal of the Property and have sought access to the Property from Atlas. In view of the foregoing, the Debtor would request that Atlas file its responsive papers timely and that the parties engage in a scheduling order consistent with the proposal set forth herein

      I am not available for a call today at 4:00 p.m. as I must leave the office at 3:30 p.m. for a meeting but am available anytime today up until 3:30 p.m. or tomorrow up until 4:00 p.m.

      Thank you for your consideration.

      Respectfully submitted,
      *Joseph S. Maniscalco, Esq.*
      Joseph S. Maniscalco

JSM:cv
cc:    Nolan E. Shanahan, Esq.
        Jacob S. Frumkin, Esq.
        Daniel S. Alter, Esq.
        Serene K. Nakano, Esq.