| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Joseph S. Maniscalco, Esq.<br>Gary F. Herbst, Esq.<br>Jordan D. Weiss, Esq | Relates to a hearing on August 14, 2019 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PENNY ANN BRADLEY, | Case No.: 18-10122 (JLG) |
| Debtor. | |

-----------------------------------------------------------------x

**DEBTOR'S RESPONSE IN OPPOSITION TO (I) THE REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF NSM82 LLC TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C.§ 1104(a) AND (II) THE SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF NSM82 LLC TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C.§ 1104(a)**

To:   The Honorable James L. Garrity, Jr.
       United States Bankruptcy Court Judge

Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her proposed special counsel, submits this Response in Opposition to: (i) the Reply Memorandum in Further Support of the Motion ("Motion") of NSM 82 LLC ("NSM") to Appoint a Trustee Pursuant to 11 U.S.C. § 1104(a) ("Reply") [Dkt. No. 141]; and (ii) the Supplemental Memorandum in Further Support of the Motion of NSM to Appoint a Trustee Pursuant to 11 U.S.C. § 1104(a) ("Supplement") [Dkt. No. 148], and respectfully states as follows:

**PRELIMINARY STATEMENT**

NSM, after vehemently opposing an adjournment of the Motion and after submitting the Reply, which relies purely on conjecture and hearsay and which contains intentional misrepresentations of case law, requested an adjournment on the day the Motion was supposed to be heard so that it would have an opportunity to supplement its pleadings with evidence. Instead,

NSM submitted the Supplement,[1] which relies exclusively on: (i) inadmissible, unsupported, and unsubstantiated hearsay statements made by the Assistant District Attorney ("ADA"); and (ii) bank statements for PBOR LLC ("PBOR"), a non-debtor entity, that NSM has had in its possession for months prior to the filing of the Motion[2] and which do not show any of the alleged malfeasance of the Debtor.

NSM, which does not have standing to seek the appointment of a trustee, is grasping at straws while doing the bidding of Atlas,[3] which controls NSM and which is also not a creditor of the Debtor's estate. NSM has failed to put forth any evidence of cause to justify the appointment of a trustee, let alone sufficient evidence to satisfy its high burden of making a showing by "clear and convincing evidence." For these and the reasons set forth below, the Motion should be denied.

## BACKGROUND

1.  The relevant background is set forth in the Debtor's Opposition to the Motion [Dkt. No. 139] ("Opposition"), which is incorporated herein by reference.

## ARGUMENT

### A. NSM Does Not Have Standing To Seek The Appointment Of A Trustee

2.  NSM, which has failed to provide any evidence of its purported claim, does not have standing to seek the appointment of a trustee. *See* Opposition, at ¶¶49-54.

3.  NSM responded to the Debtor's argument that NSM lacked standing by citing to First Am. Title Ins. Co. v. Stevenson (In re Stevenson), 2008 Bankr. LEXIS 1620, 2008 WL

---

[1] There was clearly no emergency when NSM filed the Motion nor when it opposed the Debtor's request for a short adjournment.
[2] Atlas is the lender and has, upon information and belief, purchased some of the membership interests in NSM, in addition to the Debtor's membership interests that Atlas acquired by virtue of UCC foreclosure sales. As such, Atlas is acting simultaneously as lender and equity owner.
[3] All capitalized terms used but not defined herein shall be ascribed the meaning assigned to them in the Opposition.

2

2003125, (Bankr. D.D.C. May 8, 2008), for the proposition that the Debtor has waived the right to oppose NSM's standing as a "party in interest" because it failed to do so in connection with the NSM Rule 2004 Application. NSM's citation to Stevenson and parenthetical quotation of the case is, at best, irresponsible, but is likely intentionally misleading—especially given NSM's multiple misrepresentations of case law in the Motion itself. *See* Opposition, at ¶¶ 59-61.

4.  The Stevenson case addresses the issue of a "real party in interest" pursuant to Bankruptcy Rule 7017 and Federal Rule 17(a)(3), a specific provision unrelated to standing requiring that a litigation be commenced by a "real party in interest," *i.e.*, "the person for whose benefit the action is brought[.]" Fed. R. Civ. P. 17(a)(3); *see also* Stevenson, 2008 Bankr. LEXIS 1620 at * 8. The concept of "real party in interest" is wholly distinct from that of a "party in interest" for purposes of the Bankruptcy Code. NSM cites the Stevenson case without any context or explanation that it was decided pursuant to Federal Rule 17. Instead, NSM quotes Stevenson as if "real" was just an adjective modifying party in interest rather than party of a separate, wholly distinct legal and procedural concept.

5.  NSM's counsel was either grossly irresponsible in ensuring that it did not mislead the Court in derogation of counsel's duty of candor, or was intentionally trying to mislead the Court. In either event, NSM's counsel's repeated misrepresentations of the law should not be rewarded by the Court. Further, NSM's blatant disregard for accuracy and candor is cause for serious concern with respect to the credibility of its factual allegations that are made without evidentiary support (as discussed more fully below).

6.  As set forth above and in the Opposition, NSM does not have standing to seek the appointment of a trustee and, accordingly, the Motion should be denied.

B. **NSM Still Has Not Met Its Burden Of Proof For The Appointment Of A Chapter 11 Trustee**

   I. **NSM Failed To Submit Any Actual Evidence In The Motion And The Reply**

7.  In the Motion, NSM relies entirely on conjecture and the Indictment, which was obtained pursuant to the low reasonable cause burden of proof, as opposed to the higher clear and convincing evidence standard relevant to the appointment of a trustee. *See* Opposition, at ¶¶ 55-64. By the Reply, NSM submits no real evidence, attaching only: (a) a copy of the Indictment, (b) a page of the PBOR bank statements; and (c) a NEW YORK POST article about the Debtor's Indictment.

8.  As addressed in the Opposition, the Indictment, which was procured from a grand jury on the basis of reasonable cause is patently insufficient to satisfy NSM's burden of showing cause to appoint a trustee by clear and convincing evidence. *See* Opposition, at ¶¶ 55-64.

9.  NSM references the NEW YORK POST article for the proposition that "[p]rosecutors allege Bradley also splashed out on $30,000 worth of Rolexes and purchased $98,000 worth of gold coins which investigators have been unable to recover." *See* Reply, at ¶ 9. The article is of no evidentiary value as it is hearsay within hearsay. *See* FED. R. EVID. 801, *et seq*. Even if the article or the referenced allegations by the ADA were to be considered, they should not be given any probative value as they are wholly unsubstantiated. Indeed, NSM has failed to submit any evidence with respect to these allegations and, in fact, the allegations are demonstrably false and misleading.

10. With respect to the referenced watches ("Watches"), they belong to the Debtor's son, Jack Bradley, and were gifts from his father, the Debtor's ex-husband, David Bradley. *See* Affidavit of Jack Bradley, copy of which is attached hereto as **Exhibit "A"**. The Debtor never purchased any of the Watches and never had any ownership interest in any of the Watches. *See id.*

4

The referenced gold coins were purchased by the Debtor in 2015 as a gift for her son and were given to Jack Bradley in 2015. *See id.* The Debtor has not had an interest in the gold coins since 2015.

11. While NSM focuses on the severity of the allegations against the Debtor, NSM utterly ignores and fails to even come close to satisfying its evidentiary burden. No matter the severity of the allegations, unless they are substantiated by clear and convincing evidence that such allegations are true, there is not cause for appointing a trustee. *See generally* In re China Fishery Grp. Ltd., No. 16-11895 (JLG), 2016 Bankr. LEXIS 3852, at * 64 (Bankr. S.D.N.Y. Oct. 28, 2016) (Garrity, B.J.) ("The burden of proof lies with the movant to demonstrate the need for a trustee by **clear and convincing evidence**.") (emphasis added); USHA SoHa Terrace, LLC v. RGS Holdings, LLC (In re Futterman), 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018) (stating that the Court "has wide latitude in determining whether conduct, **once proved**, rises to the level of cause for the appointment of a trustee.") (emphasis added).

12. Additionally, NSM complains that the Debtor's case has been pending for 18 months without the filing of a plan of reorganization. NSM ignores that, during that time, the Debtor was seeking dismissal of the bankruptcy case—which dismissal was not opposed by NSM, Atlas, or the United States Trustee—and that only recently was the Debtor's motion to dismiss withdrawn in favor of reorganization. The Debtor is in the process of formulating a confirmable plan and is taking steps in furtherance of that end, including seeking the estimation of Atlas' claim against the estate.

5

## II. NSM Failed To Submit Any Credible Evidence To Justify The Appointment Of A Trustee By The Supplement

13. By the Supplement, the only additional "evidence" NSM purports to add are a transcript of the Debtor's arraignment, the PBOR bank statements, and summaries of the PBOR bank statements.

14. NSM relies on the transcripts of the Debtor's arraignment in an attempt to put into evidence statements by the ADA about the alleged conduct of the Debtor. Because NSM submits the arraignment transcript and the ADA's statements as purported evidence of the truth of the contents of the ADA's statements, they are inadmissible hearsay. *See* FED. R. EVID. 801, *et seq*. Further, even if they were admissible, given that there is no supporting evidence attached and that the statements were made by the ADA in a manner designed to influence the state court judge to set a disproportionately high bail, they should not be afforded any probative value.

15. NSM alleges that the PBOR bank statements and the summary show improper transactions. The bank statements of PBOR, a non-debtor entity, which were disclosed in the Debtor's operating reports and have been in NSM's possession for months, and the summary of those bank statements, do not show any misconduct by the Debtor.

16. To the contrary, the bank statements show the receipt by PBOR, a non-debtor entity, of a loan from Bistro Shop, LLC, another non-debtor entity, and expenditures of the proceeds thereof by PBOR that were in PBOR's ordinary course of business and in furtherance of PBOR and the Debtor's business ventures. PBOR's expenditures ensured that the value of the Debtor's real estate investments as going concerns was maintained for the benefit of the Debtor's creditors, so as to enable PBOR, the Debtor, and her business ventures to operate at an eventual

profit, which profit would inure to the benefit of the Debtor's creditors.[4] To the extent the expenditures were for the Debtor's personal expenses, such expenses were in no way excessive and are not grounds for the appointment of a trustee.

17. Moreover, in addition to the demonstrable fact that the Debtor's expenditures were not mismanagement or otherwise inappropriate, the case law relied upon by NSM is inapposite and, once again, misleadingly cited. NSM cites exclusively to <u>In re Colby Construction Corp.</u>, 51 B.R. 113, 117 (Bankr. S.D.N.Y. 1985) for the proposition that "gross mismanagement of the Debtor's financial affairs, in and of itself, is sufficient to warrant the appointment of a trustee." *See* <u>Supplement</u>, at ¶ 8.

18. However, <u>Colby</u> involved a **corporate debtor** that was a general contractor whose **principal** diverted funds received by the debtor, a general contractor, in trust for its subcontractors, for the principal's personal use. *See* <u>Colby</u>, 51 B.R. at 117. Here, the Debtor is an individual. The funds used by PBOR were for PBOR and the Debtor's business interests to maintain their value for the benefit of creditors, and for the Debtor's personal needs, which she is entitled to maintain. Unlike in <u>Colby</u>, where the principal had no right to use the trust funds for any purpose—let alone his own purposes—the expenditures here were in the ordinary course and there was no misappropriation or improper expenditures.

19. Accordingly, NSM has failed to carry its heavy burden of proof by clear and convincing evidence.

---

[4] Notably absent from NSM's summary of PBOR's bank statements is the transfer from PBOR to Cole Schotz, counsel to Atlas (the entity that controls NSM), of a $100,000 payment in connection with a stipulation entered into by, *inter alia*, Atlas, PBOR, and the Debtor.

## CONCLUSION

20. The appointment of a trustee is unwarranted here, based on the actual relevant facts, and no party has put forth any evidence sufficient to justify the appointment of a trustee. For these and the reasons set forth in the Opposition, the Motion should be denied.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order denying the Motion.

Dated: August 6, 2019
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Proposed Special Counsel to the Debtor*

By: *s/ Joseph S. Maniscalco*
Joseph S. Maniscalco, Esq.
Gary F. Herbst, Esq.
Jordan D. Weiss, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500