# Cole Schotz P.C.

1325 Avenue of the Americas
19th Floor
New York, NY 10019
212-752-8000    212-752-8393  fax

New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jacob S. Frumkin
Associate

Reply to New York Office
Writer's Direct Line: 646-563-8944
Writer's Direct Fax: 646-563-7944
Writer's E-Mail: jfrumkin@coleschotz.com

August 29, 2019

**Via ECF and E-mail (garrity.chambers@nysb.uscourts.gov)**

The Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    In re Penny Ann Bradley, Case No. 18-10122 (JLG)

Dear Judge Garrity:

This firm is counsel to Atlas Union Corp. ("Atlas") in the above-referenced chapter 11 case of Penny Ann Bradley (the "Debtor"). In accordance with Your Honor's Chambers' Rules, Atlas hereby requests that Your Honor schedule a telephonic conference with respect to the *Order Pursuant to Bankruptcy Rule 2004 (I) Authorizing the Issuance of a Subpoena for the Provision of Testimony by the Debtor and (II) Compelling the Production of Documents by the Debtor* [Docket No. 85] (the "2004 Order"). As discussed below, the Debtor has failed to comply with her obligations under the 2004 Order.

On March 28, 2019, the Court entered the 2004 Order pursuant to which, among other things, (i) Atlas was authorized to serve a subpoena on the Debtor compelling her to appear for an oral examination upon at least fifteen (15) days' prior written notice and (ii) the Debtor was directed to respond to the document requests attached to the 2004 Order (the "Document Requests") by April 17, 2019. On April 29, 2019, Mr. Daniel Alter, Esq. made an initial document production to my colleague, Nolan Shanahan. The cover letter enclosing the initial production stated that additional responsive documents would be produced. See Ex. A hereto. Thereafter, Mr. Alter indicated on numerous occasions that the Debtor was in possession of additional responsive documents. See, e.g., Ex. B hereto (stating that the Debtor would "continue to assemble the outstanding documents for Atlas"); Ex. C hereto ("Penny still has documents to produce."); Ex. D hereto ("Penny has been working hard on this - we're fully aware that the balance of documents needs to be produced quickly."). As of the date hereof, the Debtor has not produced any additional documents.

On May 28, 2019, I received an e-mail from Mr. Alter requesting that Atlas enter into a confidentiality agreement "with respect to Penny's document production," notwithstanding that he

54451/0003-17759769v2

Cole Schotz P.C.

The Honorable James L. Garrity, Jr.
August 29, 2019
Page 2

already had produced documents without the parties having entered into such an agreement.  A few days later, Mr. Shanahan and I were contacted by Mr. Joseph Maniscalco, Esq., who informed us that his law firm, Lamonica Herbst & Maniscalco LLP (the "LHM Firm"), would be representing the Debtor with respect to the 2004 examination.  For the next several months, Atlas, the Debtor and NSM82 LLC (which also had a Bankruptcy Rule 2004 order entered in its favor, see Docket No. 89) negotiated, and ultimately entered into, a confidentiality agreement (the "Confidentiality Agreement"), a copy of which is attached hereto as Exhibit E.  The Confidentiality Agreement states that "[t]he Debtor continues to work with her accountant and her proposed special counsel to supplement her production of documents responsive to the Document Demands."

        On August 9, 2019, I sent an email to the LHM Firm inquiring as to the status of the Debtor's supplemental production(s).  That same day, Mr. Maniscalco inquired as to "[w]hat documents specifically [I was] looking for," to which I responded that Atlas was seeking all documents responsive to the Document Requests and explained that Mr. Alter had indicated on numerous occasions that the Debtor had additional documents to produce.  On August 11, 2019, Mr. Maniscalco responded that he had "no idea what [Mr. Alter] told me" (even though I had provided him with e-mails showing what Mr. Alter had told me) and telling me that his "firm [is] handling the litigation aspect of this."  A true and correct copy of this e-mail exchange is attached hereto as Exhibit F.  Atlas respectfully submits that the Debtor's attempts to delay, or otherwise circumvent her obligation to comply with, the Rule 2004 examination should not be tolerated.  Rather, the Debtor should be compelled to fully respond to the 2004 Order so that Atlas is given a meaningful opportunity to conduct the Rule 2004 examination that was authorized, and directed, by the Court.

        In light of the foregoing, Atlas submits that it has satisfied Your Honor's Chamber's Rules to confer with the opposing party to resolve the dispute.  Indeed, Atlas is prepared, and reserves all rights, to file a motion to compel and to impose sanctions; however, Atlas is mindful that Your Honor's Chamber's Rules require the parties to participate in a conference with the Court before Atlas can file such a motion.  Accordingly, Atlas respectfully requests that the Court schedule a teleconference to address the Debtor's failure to the comply with the 2004 Order.

                                        Respectfully submitted,

                                        COLE SCHOTZ P.C.

                                        /s/ Jacob S. Frumkin

                                        Jacob S. Frumkin

cc:     Daniel S. Alter, Esq.
        Joseph S. Maniscalco, Esq.
        Gary F. Herbst, Esq.
        Nolan E. Shanahan, Esq.
        Daniel F.X. Geoghan, Esq.
        Kenneth L. Baum, Esq.

## EXHIBIT A

**DANIEL SCOTT ALTER**
**Attorney-at-Law**
**360 Westchester Avenue #316**
**Port Chester, New York 10573**
**(914) 393-2388**
**dsa315@mac.com**

April 29, 2019

Cole Schotz, P.C.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Attn: Nolan E. Shanahan, Esq.
(via hand delivery)

**Re: Penny Bradley, Chapter 11, SDNY Case No. 18-10122(JLG)**

Dear Nolan:

In response to the Rule 2004 Order entered in the above-referenced Chapter 11 case on March 28 2019, please note the following:

(1)     Enclosed please find all documents responsive to No. 1.

(2)     Enclosed please find all documents responsive to No. 2.

(3)     Enclosed please find all documents responsive to No. 3.

(4)     Enclosed please find all documents responsive to No. 4.

(5)     Enclosed please find all documents responsive to No. 5.

(6)     Responsive documents to No. 6 to be produced.

(7)     Enclosed please find documents responsive to No. 7.    Additional responsive documents to No. 7 to be produced.

(8)     Enclosed please find all documents responsive to No. 8.

(9)     No documents responsive to No. 9 exist.

(10)     No documents responsive to No. 10 exist.

(11)     Enclosed please find documents responsive to No. 11.    Additional responsive documents to No. 11 to be produced.

(12)     No documents responsive to No. 12 exist.

(13)     No documents responsive to No. 13 exist.

(14)     No documents responsive to No. 14 exist.

(15)    Enclosed please find documents responsive to No. 15.    Additional responsive documents to No. 15 to be produced.

(16)    Responsive documents to No. 16 to be produced.

(17)    Responsive documents to No. 17 to be produced.

(18)    Responsive documents to No. 18 to be produced.

(19)    Enclosed please find all documents responsive to No. 19.

(20)    Responsive information will be provided in connection with the filing of the Debtor's Monthly Operating Reports.

(21)    Responsive information will be provided in connection with the filing of the Debtor's Monthly Operating Reports.

(22)    Responsive information will be provided in connection with the filing of the Debtor's Monthly Operating Reports.

(23)    Enclosed please find all documents responsive to No. 23.

If you believe any documents remain outstanding from the Debtor, please advise. Additionally, if you have any questions or concerns, please do not hesitate to contact me at the above-listed phone number or email address.

Respectfully yours,
/s/ Daniel S. Alter
Daniel S. Alter

Encls.

**EXHIBIT B**

## Frumkin, Jacob S.

| | |
|---|---|
| **From:** | Daniel Alter on behalf of Daniel Alter <dsa315@mac.com> |
| **Sent:** | Monday, April 29, 2019 5:56 PM |
| **To:** | Shanahan, Nolan |
| **Cc:** | Frumkin, Jacob S. |
| **Subject:** | Re: Message from ALTER DANIEL (919143932388) [IWOV-CSDOCS.FID1854529] |

Nolan / Jacob,

Just so you know, Penny has been working hard, in good faith, to comply with the discovery demands in a timely manner. She will continue to assemble the outstanding documents for Atlas, as well as for NSM82. Also, we are in the process of retaining an accountant, who has already met with her. The accountant will prepare the Monthly Operating Reports, which will include information that you and / or Ken seek.

Danny
(914) 393-2388


On Apr 29, 2019, at 4:40 PM, Shanahan, Nolan
<NShanahan@coleschotz.com<mailto:NShanahan@coleschotz.com>>  wrote:


Yes, I have them.


<image002.png>
Nolan E. Shanahan
Member
1325 Avenue of the Americas | 19th Floor | New York, NY | 10019-6079
Direct 646.563.8935 | Firm 212.752.8000 | Fax 646.563.7935 | Cell 917.533.5437 |
nshanahan@coleschotz.com <mailto:nshanahan@coleschotz.com>
New Jersey <https://protect-us.mimecast.com/s/bxeDCjRvm0ulY3OquWgdAy>     |     New York
<https://protect-us.mimecast.com/s/MUR6CkRwnruYkrwQSVB9Ex>     |     Delaware <https://protect-us.mimecast.com/s/Stl3ClYvo2hO1AMZtyHpjU>     |     Maryland <https://protect-us.mimecast.com/s/6L6DCmZ2pYu1pAMnS9V--W>     |     Texas <https://protect-us.mimecast.com/s/LnY6Cn5YqgtlXKWoum1o2K>     |     Florida <https://protect-us.mimecast.com/s/zmwYCo2vrjslDBwzuoSJQA>
vCard <https://protect-us.mimecast.com/s/XuPoCpYRvkhQ9vw8S79gXl>     |     bio <https://protect-us.mimecast.com/s/9QiqCqxV0lsL1z25hv6DN1>     |     website <https://protect-us.mimecast.com/s/O_pTCrkExmcwr1mviLJKpZ>

Legal Practice Assistant: Donna Richardson | 212.752.8000 x 3005 | drichardson@coleschotz.com
<mailto:drichardson@coleschotz.com>


From: Frumkin, Jacob S.
Sent: Monday, April 29, 2019 4:34 PM
To: Daniel S. Alter
Cc: Shanahan, Nolan
Subject: FW: Message from ALTER DANIEL (919143932388) [IWOV-CSDOCS.FID1854529]

1

Danny:

I was out of the office this morning.  Were you able to drop the documents off?

Thanks,

Jacob

<image003.png>
Jacob S. Frumkin
Associate
25 Main Street | Hackensack, NJ | 07601
Direct 646.563.8944 | Firm 212.752.8000 | Fax 646.563.7944 | jfrumkin@coleschotz.com
<mailto:jfrumkin@coleschotz.com>
New Jersey <https://protect-us.mimecast.com/s/bxeDCjRvm0ulY3OquWgdAy>      |      New York
<https://protect-us.mimecast.com/s/MUR6CkRwnruYkrwQSVB9Ex>      |      Delaware <https://protect-
us.mimecast.com/s/Stl3ClYvo2hO1AMZtyHpjU>      |      Maryland <https://protect-
us.mimecast.com/s/6L6DCmZ2pYu1pAMnS9V--W>      |      Texas <https://protect-
us.mimecast.com/s/LnY6Cn5YqgtlXKWoum1o2K>      |      Florida <https://protect-
us.mimecast.com/s/zmwYCo2vrjslDBwzuoSJQA>
vCard <https://protect-us.mimecast.com/s/8KtVCv2YB8sOE2I6tEUXcj>      |      bio <https://protect-
us.mimecast.com/s/R-pKCwpEDKF0vAN1hX2S7G>      |      website <https://protect-
us.mimecast.com/s/O_pTCrkExmcwr1mviLJKpZ>

Legal Practice Assistant: Megan Musall | 212.752.8000 x 3010 | mmusall@coleschotz.com
<mailto:mmusall@coleschotz.com>


From: Cisco Unity Connection Messaging System [mailto:unityconnection@coleschotz.com]
Sent: Monday, April 29, 2019 12:47 PM
To: Frumkin, Jacob S.
Subject: Message from ALTER DANIEL (919143932388)


* * * * * *
This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are
not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received
this message in error, please notify the sender immediately by replying to this message and then delete it
from your system.

## EXHIBIT C

## Frumkin, Jacob S.

| | |
|---|---|
| **From:** | Daniel Alter on behalf of Daniel Alter <dsa315@mac.com> |
| **Sent:** | Wednesday, May 1, 2019 6:09 PM |
| **To:** | Levy, Jr., Richard |
| **Cc:** | Shanahan, Nolan; Frumkin, Jacob S.; 'Kenneth Baum'; Harris, Marion R. |
| **Subject:** | Re: In re Bradley - Rule 2004 examinations [IWOV-CSDOCS.FID1854529] |

Gentlemen,

(1) That is correct.  Penny still has documents to produce.  Additionally, a certain amount of responsive information will be incorporated into her Monthly Operating Reports.  Penny is working diligently on completing production and the Monthly Operating Reports.  My understanding is that she was with the accountant for much of the day.  (Also, I anticipate filing the accountant retention application before the weekend).

(2) I don't have any problem with Pryor Cashman attending on May 20 in an observatory capacity.

(3) I haven't fully discussed this with my client or the accountant yet, but we may consider requesting that the accountant attend on May 20, as well....it may be helpful to have him walk through what he's preparing.  It's not officially a request / suggestion at this point...for now, it's something for us to consider.

Danny
(914) 393-2388

On May 1, 2019 at 5:46 PM, "Levy, Jr., Richard" <RLevy@PRYORCASHMAN.com>  wrote:

Thanks, Nolan.

Richard Levy, Jr.
Pryor Cashman LLP
Tel.:   (212) 326-0886
Fax:   (212) 798-6393
Email: rlevy@pryorcashman.com<mailto:rlevy@pryorcashman.com>

From: Shanahan, Nolan [mailto:NShanahan@coleschotz.com]
Sent: Wednesday, May 01, 2019 5:46 PM
To: Levy, Jr., Richard <RLevy@PRYORCASHMAN.com>; Frumkin, Jacob S. <JFrumkin@coleschotz.com>;
'Kenneth Baum' <kbaum@kenbaumdebtsolutions.com>
Cc: Daniel S. Alter (dsa315@mac.com) <dsa315@mac.com>; Harris, Marion R.
<MHarris@PRYORCASHMAN.com>
Subject: RE: In re Bradley - Rule 2004 examinations [IWOV-CSDOCS.FID1854529]

Rich,
The deposition has been rescheduled for May 20 at my office at 10am.  No issue with you or someone from your firm attending.  I am having the documents Ms. Bradley produce to us scanned and will forward them once that is completed, if not tomorrow then Monday.  Danny has advised that the production is not yet complete, so we will forward any additional documents upon receipt.

Nolan

From: Levy, Jr., Richard [mailto:RLevy@PRYORCASHMAN.com]
Sent: Wednesday, May 01, 2019 5:23 PM
To: Shanahan, Nolan; Frumkin, Jacob S.; 'Kenneth Baum'
Cc: Daniel S. Alter (dsa315@mac.com<mailto:dsa315@mac.com>); Harris, Marion R.
Subject: In re Bradley - Rule 2004 examinations

Gentlemen:

I understand that document production by Penny Bradley in response to the Rule 2004 orders entered in the bankruptcy case is occurring or about to occur.  Please recall that in court several hearings ago, I requested – and each of you agreed on behalf of your clients– to provide me, on behalf of Russell and Lydia Pollack, which copies of the materials produced by the Debtor.  Please let me know when we should expect to receive the materials.

I have asked my client if he wishes to have a representative of my firm attend and observe the oral examination (which I believe is set for May 8?).  I assume that also will not be objectionable to you (please confirm).  If my clients elect not to have us attend, we will ask that one of you provide us with a copy of the transcript.

Best,
        Rich


Richard Levy, Jr.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
Tel.:    (212) 326-0886
Fax:    (212) 326-0806 or (212) 798-6393
Email: rlevy@pryorcashman.com<mailto:rlevy@pryorcashman.com>

[Description: http://www.pryorcashman.com/i/logo_pryor.jpg]<https://protect-us.mimecast.com/s/ya7jC5ylpRcgMy58tOEI-7>
www.pryorcashman.com<https://protect-us.mimecast.com/s/m5ZxC68mqBFVPRjksmKhqW>
(A member of Interlaw, An International
Association of Independent Law Firms)

_____

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.


* * * * * *

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

***CONFIDENTIALITY NOTICE***

This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

**Attachments:**

[image001.jpg](image001.jpg)                                                                                           (3 KB)

## **EXHIBIT D**

**Frumkin, Jacob S.**

| | |
|---|---|
| **From:** | Daniel Alter on behalf of Daniel Alter <dsa315@mac.com> |
| **Sent:** | Monday, May 6, 2019 5:09 PM |
| **To:** | Frumkin, Jacob S. |
| **Cc:** | Shanahan, Nolan |
| **Subject:** | Re: Bradley Production [IWOV-CSDOCS.FID1854529] |

Jacob,

I'm back from Toronto tomorrow night.  Hopefully, I'll have a positive update and / or documents on
Wednesday.   Penny has been working hard on this - we're fully aware that the balance of documents
needs to be produced quickly.

Danny

Sent from my iPhone

On May 6, 2019, at 11:20 AM, Frumkin, Jacob S.
<JFrumkin@coleschotz.com<mailto:JFrumkin@coleschotz.com>>  wrote:


Danny:

Please advise as to when Penny's production to Atlas will be complete.  It is now over a week passed her
deadline, which, as a reminder, already was extended as an accommodation.

Thank you,

Jacob


<image003.png>
Jacob S. Frumkin
Associate
25 Main Street | Hackensack, NJ | 07601
Direct 646.563.8944 | Firm 212.752.8000 | Fax 646.563.7944 | jfrumkin@coleschotz.com
<mailto:jfrumkin@coleschotz.com>
New Jersey <https://protect-us.mimecast.com/s/6y92CgJxjnIPPNV9uN4IZP>      |      New York
<https://protect-us.mimecast.com/s/WsEkCjRvm0ullAp8hRWRrY>      |      Delaware <https://protect-
us.mimecast.com/s/CkLvCkRwnruYY4m9SQb0el>      |      Maryland <https://protect-
us.mimecast.com/s/nvgvClYvo2hOOkgxCq6qJs>      |      Texas <https://protect-
us.mimecast.com/s/1Kl1CmZ2pYu116EzUQm116>      |      Florida <https://protect-
us.mimecast.com/s/kuPLCn5YqgtllxMvhEkcB6>
vCard <https://protect-us.mimecast.com/s/vReYCo2vrjsll8xEhWWGx0>      |      bio <https://protect-
us.mimecast.com/s/I2o2CpYRvkhQQyXmfkZyEW>      |      website <https://protect-
us.mimecast.com/s/pijQCqxV0lsLLRmZsMpu77>

Legal Practice Assistant: Megan Musall | 212.752.8000 x 3010 | mmusall@coleschotz.com
<mailto:mmusall@coleschotz.com>

\* \* \* \* \* \*

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

**EXHIBIT E**

LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                              Chapter 11

PENNY ANN BRADLEY,                                  Case No.: 18-10122 (JLG)

              Debtor.

-------------------------------------------------------------x

## STIPULATION OF CONFIDENTIALITY

This stipulation (the "Stipulation") is made by and among Penny Ann Bradley, the

Chapter 11 debtor and debtor-in-possession in the above-captioned bankruptcy case (the

"Debtor"), Atlas Union Corp. ("Atlas") and NSM82 LLC ("NSM82" and together with the

Debtor and Atlas, the "Parties") for the purpose of prohibiting the disclosure of confidential,

personal, proprietary and/or commercially-sensitive information, documents and testimony that

may be produced in the above-captioned bankruptcy case (the "Bankruptcy Case") by the Debtor

to Atlas and/or NSM82.

## RECITALS

A.      On January 18, 2018 (the "Petition Date"), the Debtor filed a voluntary petition

for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court").

B.      On March 28, 2019, the Bankruptcy Court entered an Order in favor of Atlas,

pursuant to Bankruptcy Rule 2004, compelling the production of documents by the Debtor

[Docket No. 85] (the "Atlas 2004 Order"). Annexed to the Atlas 2004 Order as Exhibit I is a list of twenty-three (23) categories of document demands (the "Atlas Document Demands").

   C.  On April 8, 2019, the Bankruptcy Court entered an Order in favor of NSM82, pursuant to Bankruptcy Rule 2004, compelling the production of documents by the Debtor [Docket No. 89] (the "NSM82 2004 Order" and, together with the Atlas 2004 Order, the "2004 Orders"). Annexed to the NSM82 2004 Order as Exhibit 1 is a list of thirty-one (31) categories of document demands (the "NSM82 Document Demands" and, together with the Atlas Document Demands, the "Document Demands").

   D.  On or about April 29, 2019, the Debtor, through her general bankruptcy counsel, provided to Atlas an initial production of certain documents responsive to the Atlas Document Demands (the "Atlas April 29th Production"), as well as an initial production to NSM82 of certain documents responsive to the NSM82 Document Demands (the "NSM82 April 29th Production" and, together with the Atlas April 29th Production, the "April 29th Productions").

   E.  The Debtor continues to work with her accountant and her proposed special counsel to supplement her production of documents responsive to the Document Demands (the "Documents" or individually, a "Document").

   F.  The Debtor has requested, and Atlas and NSM82 have agreed, that the Debtor's deposition pursuant to the 2004 Orders be conducted concurrently (the "Joint Deposition"), after the Debtor has completed the process, to Atlas and NSM82's satisfaction, of responding to the Document Demands.

   **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the Parties that:

2

1.     The Debtor may designate any Document, information contained in a Document, information revealed in an interrogatory response, or information revealed during a deposition as "Confidential" if the Debtor determines, in good faith, that such designation is necessary to protect her interests as a chapter 11 debtor; provided, however; that Confidential information shall exclude (i) information that is or becomes publicly available, other than as a result of acts in breach of either this Stipulation or other confidentiality agreements by an Authorized Recipient (as defined below); (ii) information that already was in the possession of an Authorized Recipient or its Representatives (as defined below) prior to the April 29th Production and that was not obtained in violation of this Stipulation; (iii) information that is disclosed to an Authorized Recipient or any of its Representatives by a third party on a non-confidential basis and not, to the Authorized Recipient's or such Representative's knowledge, information or belief, in violation of any confidentiality agreement or undertaking with the Debtor or this Stipulation; (iv) information that is independently developed, discovered or arrived at by the Authorized Recipient or any of its Representatives without violating this Stipulation; or (v) any information which the Bankruptcy Court orders not be protected as Confidential Information or as "trade secret or confidential research, development, or commercial information" under Section 107(b)(1) of the Bankruptcy Code. Information and Documents designated by the Debtor as confidential will be stamped "CONFIDENTIAL." "Confidential" information or Documents may be referred to collectively as "Confidential Information".

2.     The Debtor intends on resubmitting the Atlas April 29th Production to Atlas and NSM82, each page designated with a bate-stamp number, and may designate one or more of such documents as "Confidential Information". The Debtor's failure to mark the April 29th Production as such shall not be deemed a waiver of such right and Atlas and NSM82 expressly

3

acknowledge same. As of the date hereof, neither Atlas nor NSM82 has transmitted any of the documents previously disclosed in the April 29th Production externally, other than to their respective attorneys.

3.      Unless ordered by the Bankruptcy Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by Atlas and NSM82 solely for use in connection with the Bankruptcy Case or any adversary proceeding that may be filed BY Atlas or NSM82..

4.      In the event that Atlas and/or NSM82 challenge the Debtor's "Confidential" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, Atlas and/or NSM82 may thereafter seek resolution by the Bankruptcy Court. Nothing in this Stipulation constitutes an admission by any Party that Confidential Information disclosed in the Bankruptcy Case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and court rules.

5.      Information or Documents designated as "Confidential" shall not be disclosed to any person or entity, except to (each, an "Authorized Recipient" and collectively, the "Authorized Recipients"):

      (a)      Atlas;

      (b)      Counsel to Atlas;

      (c)      NSM82;

      (d)      Counsel to NSM82;

      (e)      Any person from whom testimony is taken or is to be taken in this Bankruptcy Case, except that such a person may only be shown that

4

Confidential Information during and in preparation for his/her testimony subject to Paragraph 6 of this Stipulation, and may not retain the Confidential Information; and

(f)    The Bankruptcy Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Bankruptcy Court) or the jury at trial or as exhibits to motions.

6.    Prior to disclosing or displaying the Confidential Information to any person, Atlas and/or NSM82 and its counsel shall:

(a)    Inform the person in writing that the Parties have agreed to enjoin the use of the information or Documents by him/her for any purpose other than use in the Bankruptcy Case and have agreed to enjoin the disclosure of that information or Documents to any other person, except as permitted by this Stipulation; and

(b)    Advise the Debtor's counsel of the request for documents and intention to provide the information, if any, at least five (5) days prior to such disclosure.

7.    Each Authorized Recipient may share Confidential Information with its agents, employees, professionals, advisors, consultants, experts or other representatives who are informed of the confidential nature of such Confidential Information and instructed to keep it confidential in accordance with the terms of this Stipulation and who agree to be bound by the terms of this Stipulation by signing the agreement to be bound by this Stipulation attached hereto as Exhibit A (collectively, the "Representatives"). In the event a Representative refuses to sign

5

an agreement in the form attached as Exhibit A, Atlas, NSM82 or the Debtor, as applicable, may seek appropriate relief from the Bankruptcy Court. For the avoidance of doubt, Atlas and NSM82 shall be permitted to transmit Documents produced by the Debtor pursuant to the 2004 Orders to one another, including in connection with the Joint Deposition, and such transmission and receipt of such Documents shall not be deemed a violation or breach of this Stipulation by either Atlas or NSM82.

8.      The disclosure of a Document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such Document or information as Confidential Information. If so designated, the Document or information shall thereforth be treated as Confidential Information subject to all the terms of this Stipulation.

9.      All information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Bankruptcy Court, and any pleadings, motions or other papers filed with the Bankruptcy Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Bankruptcy Court. To the extent the Bankruptcy Court requires any further act by the parties as a precondition to the filing of Documents under seal, it shall be the obligation of the producing party of the Documents to be filed with the Bankruptcy Court to satisfy any such precondition. Where possible, only confidential portions of filings shall be filed under seal.

10.     This Stipulation shall survive the confirmation of a plan of liquidation or reorganization for the Debtor and all Confidential Information provided by the Debtor shall remain subject to the terms and provisions of this Stipulation until one (1) year after confirmation of a plan of liquidation or reorganization for the Debtor. Within one (1) year after

6

the confirmation of a plan of liquidation or reorganization for the Debtor, upon request of the Debtor (or its successor), the Authorized Recipients shall destroy all documents in their possession containing Confidential Information, without expense to the Debtor (or its successor), except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

11.     The foregoing is entirely without prejudice to the right of any party to apply to the Bankruptcy Court for a protective order relating to Confidential Information; or to object to the production of Documents or information; or to apply to the Bankruptcy Court for an order compelling the production of Documents or information. This Stipulation may be enforced by either Party.

12.     Notwithstanding anything in this Stipulation to the contrary, the Debtor may use or disclose her own Documents or information in any manner she sees fit.

13.     In the event that an Authorized Recipient receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, the Authorized Recipient shall, unless prohibited by law, rule or regulation: (a) promptly notify the Debtor of the existence, terms and circumstances surrounding such a request; (b) consult with the Debtor on the advisability of taking steps to resist or narrow such request; (c) if disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Authorized Recipient is advised by its counsel is legally required to be disclosed; and (d) cooperate with the Debtor in its efforts to obtain an order or other reliable assurance that confidential treatment will be accorded such portion of the Confidential Information that is required to be disclosed.

7

14.    The production of privileged or work-product protected Documents or information (including electronically stored information), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Bankruptcy Case.

15.    This Stipulation shall be governed by and construed and enforced in accordance with the laws of the State of New York, without giving effect to the provisions, policies or principles thereof relating to choice or conflict of laws. Each of the undersigned hereby consents to the jurisdiction of the Bankruptcy Court with respect to any dispute relating to or arising out of this Stipulation.

16.    This Stipulation may be executed in multiple counterparts each of which when taken together, shall constitute one (1) original document.

Dated: July 30, 2019
       Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Proposed Special Counsel for the Debtor*

By: _____
       Joseph S. Maniscalco, Esq.
       LaMonica Herbst & Maniscalco, LLP
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       (516) 826-6500

Dated: July 25, 2019
**Hackensack, New Jersey**

**LAW OFFICES OF KENNETH L. BAUM LLC**
*Counsel for NSM82 LLC*

By: _____
       Kenneth L. Baum, Esq.
       167 Main Street
       Hackensack, New Jersey 07601
       (201) 853-3030

Dated: July ___, 2019
       New York, New York

**COLE SCHOTZ P.C.**
*Attorneys for Atlas Union Corp.*

By: _____
       Nolan E. Shanahan, Esq.
       Jacob S. Frumkin, Esq.
       1325 Avenue of the Americas, 19th Fl.
       New York, New York 10019
       (212) 752-8000

8

14.    The production of privileged or work-product protected Documents or information (including electronically stored information), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Bankruptcy Case.

15.    This Stipulation shall be governed by and construed and enforced in accordance with the laws of the State of New York, without giving effect to the provisions, policies or principles thereof relating to choice or conflict of laws. Each of the undersigned hereby consents to the jurisdiction of the Bankruptcy Court with respect to any dispute relating to or arising out of this Stipulation.

16.    This Stipulation may be executed in multiple counterparts each of which when taken together, shall constitute one (1) original document.

Dated: July 30, 2019
       Wantagh, New York

LAMONICA HERBST & MANISCALCO, LLP
*Proposed Special Counsel for the Debtor*

By: _____
       Joseph S. Maniscalco, Esq.
       LaMonica Herbst & Maniscalco, LLP
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       (516) 826-6500

Dated: July 25, 2019
       Hackensack, New Jersey

LAW OFFICES OF KENNETH L. BAUM LLC
*Counsel for NSM82 LLC*

By: _____
       Kenneth L. Baum, Esq.
       167 Main Street
       Hackensack, New Jersey 07601
       (201) 853-3030

Dated: July 25, 2019
       New York, New York

COLE SCHOTZ P.C.
*Attorneys for Atlas Union Corp.*

By: _____
       Nolan E. Shanahan, Esq.
       Jacob S. Frumkin, Esq.
       1325 Avenue of the Americas, 19th Fl.
       New York, New York 10019
       (212) 752-8000

8

## Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                          Chapter 11

PENNY ANN BRADLEY,                              Case No.: 18-10122 (JLG)

        Debtor.

-----------------------------------------------------------x

      I have been informed that certain documents or information to be disclosed to me in

connection with the above-captioned bankruptcy case have been designated as confidential. I have

been informed that any such documents or information labeled "CONFIDENTIAL" are

confidential by stipulation of the parties (the "Confidentiality Stipulation") and agree to be bound

by the terms of the Confidentiality Stipulation.

      I hereby agree that I will not disclose any information contained in such documents to any

other person except as permitted under the Confidentiality Stipulation. I further agree not to use

any such information for any purpose other than in connection with the above-captioned chapter

11 case.

                                                     _____
                                                          Signature

                                                     _____
                                                      Print Name

                                                     _____
                                                         Date

## **EXHIBIT F**

## Frumkin, Jacob S.

| | |
|---|---|
| **From:** | Joseph Maniscalco <JSM@lhmlawfirm.com> |
| **Sent:** | Sunday, August 11, 2019 11:22 AM |
| **To:** | Frumkin, Jacob S. |
| **Cc:** | Gary Herbst; Shanahan, Nolan; Geoghan, Daniel F.; Kenneth L. Baum Esq. (kbaum@kenbaumdebtsolutions.com) |
| **Subject:** | Re: Bradley/Estimation Motion [IWOV-CSDOCS.FID1854529] |

Jacob.

This is a good faith attempt to resolve a discovery disputes under Rule 37. I will advise the Court that I have attempted to engage in a resolution of the discovery disputes under Rule 37 and that you have rejected that offer and we will proceed accordingly.

Thanks.

Joseph S. Maniscalco - *please excuse any misspellings as my thumbs don't always work well on this phone. Thanks*
Sent from my iPhone


On Aug 11, 2019, at 9:30 AM, Frumkin, Jacob S. <JFrumkin@coleschotz.com> wrote:

> Joe:
>
> You have the full scope of what Danny told us because I attached his correspondence to my last email.  As shown in those e-mails, there are additional responsive documents that have not yet been produced.
>
> We do not need to discuss further unless your client does not intend to comply with the 2004 Order.  Please let us know if that is the case.
>
> Thank you,
>
> Jacob
>
> Jacob Frumkin
> Cole Schotz P.C.
> 25 Main Street
> Hackensack, NJ 07601
> 646.563.8944
>
> Sent from my iPhone
>
> On Aug 11, 2019, at 7:58 AM, Joseph Maniscalco <JSM@lhmlawfirm.com> wrote:
>
>> Jacob:
>>
>> I have no idea what Danny told you and if it did say that it was a while back.  My firm is handling the litigation aspect of this.  If you would like to discuss this further, let me know.

1

Thanks

Joseph Maniscalco, Esq.

---

**From:** Frumkin, Jacob S. <JFrumkin@coleschotz.com>
**Sent:** Friday, August 9, 2019 12:43 PM
**To:** Joseph Maniscalco <JSM@lhmlawfirm.com>; Gary Herbst <GFH@lhmlawfirm.com>
**Cc:** Shanahan, Nolan <NShanahan@coleschotz.com>; Geoghan, Daniel F.
<DGeoghan@coleschotz.com>; Kenneth L. Baum Esq.
(kbaum@kenbaumdebtsolutions.com) <kbaum@kenbaumdebtsolutions.com>
**Subject:** RE: Bradley/Estimation Motion [IWOV-CSDOCS.FID1854529]

All documents responsive to our 2004 requests.  At a minimum, paragraph 2 of the
confidentiality agreement states that the Debtor will be "resubmitting" the productions
to Atlas and NSM82.  Additionally, Danny told us that Penny has additional documents
to produce.  Please see attached.  Thank you.

---

**From:** Joseph Maniscalco <JSM@lhmlawfirm.com>
**Sent:** Friday, August 9, 2019 12:31 PM
**To:** Frumkin, Jacob S. <JFrumkin@coleschotz.com>; Gary Herbst
<GFH@lhmlawfirm.com>
**Cc:** Shanahan, Nolan <NShanahan@coleschotz.com>; Geoghan, Daniel F.
<DGeoghan@coleschotz.com>; Kenneth L. Baum Esq.
(kbaum@kenbaumdebtsolutions.com) <kbaum@kenbaumdebtsolutions.com>
**Subject:** RE: Bradley/Estimation Motion [IWOV-CSDOCS.FID1854529]

Jacob:

What documents specifically are you looking for?  My client has
already turned over a great deal of documents.  The accountant is
completing the operating reports for the past 2 months and they will
be filed shortly.

On another note, our appraiser would like to inspect the premises on
Monday at 11AM.  Can you coordinate that?  I emailed Nolan last
week about this prior to him leaving for vacation and he was never
able to get back to me.  I would like the appraiser to get in the
premises.  Please let me know.  Thanks

---

**Joseph S. Maniscalco, Esq., Partner**

<image001.jpg>

3305 Jerusalem Avenue
Wantagh, New York 11793
Tele.   (516) 826-6500

Direct.(516) 804-1551
Fax.    (516) 826-0222
www.lhmlawfirm.com

---

**From:** Frumkin, Jacob S. [mailto:JFrumkin@coleschotz.com]
**Sent:** Friday, August 09, 2019 12:28 PM
**To:** Joseph Maniscalco; Gary Herbst
**Cc:** Shanahan, Nolan; Geoghan, Daniel F.; Kenneth L. Baum Esq.
(kbaum@kenbaumdebtsolutions.com)
**Subject:** FW: Bradley/Estimation Motion [IWOV-CSDOCS.FID1854529]


Joe/Gary:

Please let us know when we can expect to start receiving documents.

Thank you,

Jacob

---

**From:** Joseph Maniscalco <JSM@lhmlawfirm.com>
**Sent:** Tuesday, July 30, 2019 3:04 PM
**To:** Frumkin, Jacob S. <JFrumkin@coleschotz.com>; Geoghan, Daniel F.
<DGeoghan@coleschotz.com>
**Cc:** Gary Herbst <GFH@lhmlawfirm.com>; Shanahan, Nolan
<NShanahan@coleschotz.com>; kbaum@kenbaumdebtsolutions.com
**Subject:** RE: Bradley/Estimation Motion [IWOV-CSDOCS.FID1854529]

### Attached please find a fully executed Confidentiality Stipulation

_____
**Joseph S. Maniscalco, Esq., Partner**

<image001.jpg>

3305 Jerusalem Avenue
Wantagh, New York 11793
Tele.   (516) 826-6500
Direct.(516) 804-1551
Fax.    (516) 826-0222
www.lhmlawfirm.com

* * * * * *
This e-mail message from Cole Schotz P.C. is private and may contain privileged
information. If you are not the intended recipient, please do not read, copy or use
it or disclose it to others. If you have received this message in error, please notify
the sender immediately by replying to this message and then delete it from your
system.