# LaMonica Herbst & Maniscalco, LLP

*Moving Forward. Staying Ahead.®*

**Joseph S. Maniscalco, Esq.**
Member
p: 516.826.6500 x218
jsm@lhmlawfirm.com

August 29, 2019

**Via ECF & E-Mail (Garrity.chambers@nysb.uscourts.gov)**
Honorable James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> Re:   **Penny Ann Bradley**
>       **Chapter 11**
>       **Case No. 18-10122 (JLG)**

Dear Judge Garrity:

This firm is special counsel to Penny Ann Bradley (the "Debtor"). This letter is in response to the letter filed today by Jacob Frumkin, Esq. counsel to Atlas Union Corp. ("Atlas") regarding an alleged discovery dispute [Dkt No. 164] (the "Frumkin Letter").

As an initial matter, Mr. Frumkin and his firm know that I am on vacation this week and that I am unavailable. My firm has extended Mr. Frumkin and his firm, as well as to counsel to NSM 82 LLC ("NSM"), a related party, every requested courtesy, including requests for extensions and adjournments. The last such request was premised on Nolan Shanahan being on vacation. In consideration thereof, the Debtor granted Atlas' request. Nonetheless, Atlas and NSM's counsel have refused all such requests when made by the Debtor in an effort to try to obtain an upper hand when counsel is unavailable.

The Court should also be aware that while I am on vacation, I have been actively negotiating the terms of a settlement with Atlas, through counsel, which will resolve all outstanding disputes. In fact, a term sheet has been circulated and I have received revisions from Atlas. Yesterday, I had my office start to draft a stipulation with respect to such settlement.

The request made in the Frumkin Letter is also legally improper. Atlas has never sent a request pursuant to Federal Rule 37 requested to confer in good faith on this discovery issue and has failed to, at any time, identify specifically what requests are outstanding. Conferring, in good faith, is an obligatory precondition to seeking Court intervention with respect to a discovery dispute, which precondition has not been satisfied here.

Finally, and most importantly, the Debtor, Atlas, and NSM are all currently parties to contested matters, specifically NSM's Motion to Appoint a Trustee [Dkt. No. 131] and the Debtor's Motion to Estimate Atlas' Claim [Dkt. No. 135] (together, the "Contested Matters"). Accordingly, because a "contested matter [has been] commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004." In re Brown, No. 18-10617-JLG, 2018 Bankr. LEXIS 3138, at *13 (Bankr. S.D.N.Y. Oct. 11, 2018) (Garrity, B.J.) (quoting In re Enron Corp., 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002)). Therefore, if Atlas requires additional

**LaMonica Herbst & Maniscalco, LLP**

Honorable James L. Garrity, Jr.
August 29, 2019
Page 2

documents from the Debtor, Atlas should serve a subpoena in connection with the Contested Matters.

      While the Debtor submits that a conference with respect to discovery is unnecessary here, if the Court is inclined to schedule a conference call, I respectfully request that such call be held next week when I return from vacation. The Debtor submits that there is no emergency to Atlas' request and that it does not need to be resolved on the Thursday or Friday before Labor Day Weekend.

      Thank you for your consideration.

                    Respectfully submitted,
                    *Joseph S. Maniscalco, Esq.*
                    Joseph S. Maniscalco

cc:    Nolan E. Shanahan, Esq.
       Jacob S. Frumkin, Esq.
       Daniel S. Alter, Esq.
       Serene K. Nakano, Esq.
       Kenneth Baum, Esq.