**LaMONICA HERBST & MANISCALCO, LLP**
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

**Hearing Date: April 1, 2020 at 10:30 a.m.**
**Objection Deadline: March 25, 2020**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

PENNY ANN BRADLEY,

        Debtor.
-----------------------------------------------------------------x

Chapter 11

Case No.: 18-10122 (JLG)

### NOTICE OF HEARING ON MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF SETTLEMENT

**PLEASE TAKE NOTICE** that, on **April 1, 2020 at 10:30 a.m.**, a hearing will be held

before the Honorable James L. Garrity Jr., United States Bankruptcy Judge at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601,

New York, New York 10004 ("Court") on the annexed motion of Penny Ann Bradley, the

Chapter 11 debtor and debtor-in-possession, seeking entry of an Order, pursuant to 11 U.S.C. §

105(a) ("Bankruptcy Code") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rules"), approving a stipulation of settlement among the Debtor, Lewis

H. Berman LLC and David Bradley.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, must be in

writing, conform with Title 11 of the United States Code and the Federal Rules of Bankruptcy

Procedure, state with particularity the grounds therefor, and be filed with the Court no later than

**March 25, 2020 by 5:00 p.m.** as follows: (I) through the Court's electronic filing system, which

may be accessed through the internet at the Court's website at **http://www.nysb.uscourts.gov/**

in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a

party is unavailable to file electronically, such party shall submit the objection in PDF form on a

portable media in an envelope with the case name, case number, type and title of document,

document number to which the objection referred and the file name on the outside of the

envelope.


Dated: March 10, 2020
       Wantagh, New York          **LaMONICA HERBST & MANISCALCO, LLP**
                                   Special Counsel to the Debtor and Debtor-in-Possession

                          By:      *s/ Joseph S. Maniscalco*
                                   Joseph S. Maniscalco, Esq.
                                   A Member of the Firm
                                   3305 Jerusalem Avenue, Suite 201
                                   Wantagh, New York 11793
                                   Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

Hearing Date: April 1, 2020 at 10:30 a.m.
Objection Deadline: March 25, 2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

Chapter 11

PENNY ANN BRADLEY,

Case No.: 18-10122 (JLG)

         Debtor.

------------------------------------------------------------------x

### MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, <u>APPROVING STIPULATION OF SETTLEMENT</u>

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE

     Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("<u>Debtor</u>"), by and through her undersigned special counsel, seeks entry of an Order, pursuant to 11 U.S.C. § 105(a) ("<u>Bankruptcy Code</u>") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), approving a stipulation of settlement ("<u>Stipulation</u>") among the Debtor, Lewis H. Berman LLC ("<u>Berman</u>") and David Bradley ("<u>Bradley</u>"), and respectfully states as follows:

### <u>JURISDICTION</u>

    1.    The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Bankruptcy Code § 105(a).

    2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (L).

    3.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    4.    The statutory predicates for the relief sought in this Motion include sections 105 and 9019(a) of the Bankruptcy Code and Bankruptcy Rule 2002(a)(3).

## BACKGROUND

5.      On January 18, 2018 ("Filing Date"), the Debtor, *pro se*, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. See Dkt. No. 1. On March 1, 2018, the Debtor filed her bankruptcy schedules and statement of financial affairs. See Dkt. No. 27. On December 21, 2019, the Debtor filed amended schedules. See Dkt. No. 223.

6.      52 East 64th Street LLC ("East 64th LLC") owns the property, building and improvements known as and located at 52 East 64th Street, New York, New York ("Property").

7.      As of the Filing Date: (a) the Debtor held a minority ownership interest in East 64th LLC, was and continues to be the beneficial and record owner of 33% of East 64th LLC ("Debtor Interest"), and controls the managing member of East 64th LLC; and (b) Berman held a majority ownership interest in East 64th LLC, and was and continues to be the beneficial and record owner of a 67% of East 64th LLC ("Berman Interest").

8.      Bradley, the Debtor's ex-husband, asserts that he loaned East 64th LLC an aggregate of $6,430,000 over several years to fund the construction, renovation, debt service and ongoing expenses relating to the Property ("Bradley Loans").

9.      On August 12, 2019, Berman filed proof of an unsecured prepetition claim against the Debtor's estate in the amount of $4,015,973.00, which was designated as claim number 2-1 ("Claim 2").

10.     On September 6, 2019, Avant Capital 52 East 64th Street LLC ("Avant Capital"), the alleged holder of a first mortgage on the Property, filed a state court foreclosure action against 64th Street LLC, et al. under Index No. 850138/2019 ("Foreclosure Action").

11.     On September 19, 2019, Berman filed a motion to appoint a Chapter 11 Trustee in this case ("Berman Motion"). See Dkt. No. 167. The Debtor opposed the Berman Motion. See

Dkt. No. 198. Berman replied. See Dkt. No. 207. The adjourned hearing on the Berman Motion

is currently scheduled for April 1, 2020.

12.     In order to avoid the costs and risks of further litigation, the Debtor, Bradley and

Berman (collectively, "Parties") determined to resolve their disputes, without admitting to any

wrongdoing or conceding to any of the allegations or claims asserted, on the terms and subject to

the conditions set forth in the Stipulation annexed as Exhibit A.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13.     By this Motion, pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 2002(a)(3) and 9019(a), the Debtor seeks approval of the Stipulation as being

fair, equitable and in the best interests of the Debtor's estate. For the reasons set forth more fully

below, the Debtor believes that the settlement falls well above the lowest level of reasonableness

and urges this Court to approve the Stipulation. A proposed Order is annexed as Exhibit B.

**A.      The Terms of the Settlement**

14.     The Stipulation provides that, in full and final settlement of all claims and

controversies asserted or that could be asserted by or among the Parties, the Debtor and Bradley,

jointly and severally, shall pay to Berman the sum of $900,000 ("Settlement Payment"). See

Exhibit A at p. 3, ¶ . As reflected in the Stipulation, the Settlement Payment was provided by

Bradley, is currently in the IOLA account of Debtor's undersigned counsel, and shall not be

released from the IOLA account except as set forth in the Stipulation. See id.

15.     The Stipulation provides that Berman shall execute and deliver to counsel for

Bradley: (a) a full and unconditional transfer of all right, title and interest in and to the Berman

Interest in East 64th LLC; and (b) in accordance with Rule 3001(e)(2), a full and unconditional

transfer of all right, title and interest in Claim 2, in each case subject to entry of the Final

Approval Order (together, "Berman Transfer"). See Exhibit A at p. 3, ¶2. As reflected in the

Stipulation, the Berman Transfer shall be held in escrow with Bradley's counsel and shall be

effective and released and delivered to Bradley only upon the entry of the Final Approval Order

and Berman receiving the Settlement Payment from Debtor's counsel ("Effective Date"). See id.

The Stipulation provides that, upon the Effective Date, Berman shall not have any further rights

to East 64th LLC or in or to the Berman Interest or Claim 2. See id.

16.     The Stipulation provides that the Debtor shall execute and deliver to counsel for

Bradley a full and unconditional transfer of all right, title and interest in and to the Debtor

Interest in East 64th LLC to Bradley, subject to entry of the Final Approval Order ("Debtor

Transfer"). See Exhibit A at pp. 3-4, ¶3. As reflected in the Stipulation, the Debtor Transfer shall

be held in escrow with Bradley's counsel and shall be effective and released and delivered to

Bradley only upon the Effective Date. See id. The Stipulation provides that, upon the Effective

Date, the Debtor shall not have any further rights to East 64th LLC or in or to the Debtor Interest.

See id.

17.     The Stipulation further provides for releases from Berman in favor of the Debtor,

Bradley and East 64th LLC and in favor of Berman from the Debtor, Bradley and East 64th

LLC. See Exhibit A at pp. 4-5, ¶¶5-6.

18.     The above is intended to be only a summary of the more salient terms of the

Stipulation. The Debtor respectfully refers the Court and all parties to the Stipulation that is

Exhibit A for its complete terms and conditions.

4

**I.**     **The Stipulation Should Be Approved**

19.      Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoef LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

20.      Under Rule 9019 of the Bankruptcy Rules, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10-cv-978 (SRU), 3:10-cv-979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011). Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010). In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010). In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

21.      A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the Debtor, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007)

22.     The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted).

23.     The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the Court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

24.     Here, the Debtor determined in her business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the standards discussed above, and that the settlement is in the best interests of the Debtor's estate.

25.     In determining whether to enter into the Stipulation, the Debtor considered that the agreement resolves all disputes concerning the Berman Motion, Claim 2, the Bradley Loans and the Foreclosure Action without further litigation or involvement of the Debtor. The Debtor was mindful that continued litigation over the Berman Motion, Claim 2 and in the Foreclosure

6

Action would be protracted and necessarily result in additional cost, expense and delay. Boiled to its essence, Bradley is making the Settlement Payment in exchange for the Berman Transfer and the Debtor Transfer, and the Debtor and her estate are relieved of any claims by Berman including, but not limited to, Claim 2. As a result, the Debtor exercised her best business judgment to enter into the Stipulation.

26.    The Stipulation provides for the exchange of mutual releases. The granting of releases in connection with a settlement of claims is left to the Debtor's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims). Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. September 10, 2007) (approving settlement agreement in which the Debtor granted releases). Here, the releases in the Stipulation are unquestionably necessary and appropriate given the mutuality of the releases, the financial consideration, the additional benefits of the settlement, and the fact that a settlement would not occur without releases. Accordingly, the Debtor believes the mutual releases should be approved.

27.    The settlement embodied in the Stipulation was the result of arm's-length negotiations. The Parties were represented by experienced counsel throughout the negotiations.

28.    For these reasons, the Debtor submits that the Stipulation is fair, reasonable and in the best interests of the Debtor's estate and the Debtor recommends its approval.

## NOTICE AND NO PRIOR REQUEST

29.    In accordance with Bankruptcy Rule 2002 and Bankruptcy Rule 9006(f), the Debtor will serve a copy of this Motion and the Stipulation by regular mail upon: (a) the United States Trustee; (b) all parties to the Stipulation, through their counsel; (c) any party in interest

that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule

2002; (d) applicable taxing authorities; and (e) all known creditors of the Debtor.

30.    No previous application for the relief requested herein has been made to this or

any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting

the relief requested herein, and such other and further relief as may be just.

Dated: March 10, 2020
      Wantagh, New York       **LaMONICA HERBST & MANISCALCO, LLP**
                                 Special Counsel to the Debtor and Debtor-in-Possession

              By:    *s/ Joseph S. Maniscalco*
                     Joseph S. Maniscalco, Esq.
                     A Member of the Firm
                     3305 Jerusalem Avenue, Suite 201
                     Wantagh, New York 11793
                     Telephone: (516) 826-6500