

**Law Offices of Kenneth L. Baum LLC**

| 167 Main Street | 99 Church Street, 4th Floor | Phone: 201-853-3030 |
| Hackensack, NJ 07601 | White Plains, NY 10601 | Fax: 201-584-0297 |
| | | kbaum@kenbaumdebtsolutions.com |
| Kenneth L. Baum, Esq. | | www.kenbaumdebtsolutions.com |

March 18, 2020

<u>Via ECF</u>

Honorable James L. Garrity, Jr., U.S.B.J.
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    Penny Ann Bradley
           Case No. 18-10122-jlg
           **Hearing Date: April 1, 2020**

Dear Judge Garrity:

    As Your Honor is aware, this firm represents NSM82 LLC in the above-referenced matter. I am writing to request, over the Debtor's objection, an adjournment of all matters presently on the Court's calendar for April 1, 2020, which include, among other motions:[1]

1. NSM82 LLC's motion to appoint a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) [Dkt. No. 131] (the "<u>Trustee Motion</u>");

2. The U.S. Trustee's motion to convert the Debtor's Chapter 11 case to a Chapter 7 liquidation [Dkt. No. 185] (the "<u>Motion to Convert</u>");

3. The Debtor's motion to approve a settlement among her, her former husband, David Bradley, and Lewis H. Berman LLC ("<u>Berman</u>") pursuant to Fed. R. Bankr. P. 9019 [Dkt. No. 247] (the "<u>9019 Motion</u>"); and

4. The Debtor's motion to dismiss her Chapter 11 case pursuant to 11 U.S.C. § 1112(b) [Dkt. No. 248] (the "<u>Motion to Dismiss</u>").

---

[1] Also on the Court's calendar for April 1 are the Debtor's objections to the claims of Atlas Union Corp. [Dkt. No. 172] and Russell and Lydia Pollack [Dkt. No. 183]. NSM82 LLC takes no position on either of those motions.

Hon. James L. Garrity, Jr., U.S.B.J.
March 18, 2020
Page **2** of **3**

      As the docket reflects, the Trustee Motion and the Motion to Convert have been pending for several months, and were adjourned more than once at the Debtor's request; most recently, the Debtor's special counsel, Joseph Maniscalco, Esq., wrote Your Honor on January 3, 2020 [Dkt. No. 227], to request an adjournment of a January 8, 2020 omnibus hearing on the basis that, *inter alia*, the Debtor had resolved Berman's claims (and, presumably, Berman's motion to appoint a Chapter 11 trustee) and was in the process of preparing a stipulation that would be submitted for Court approval.  Notwithstanding that representation, the Debtor waited more than two (2) months to file the 9019 Motion, as well as the Motion to Dismiss.

      Given the numerous issues raised in the 9019 Motion and the Motion to Dismiss, including the Debtor's lack of good faith and her manipulation of the bankruptcy process for the past two (2) years, NSM82 LLC expects to object to those motions and will be seeking discovery in connection therewith, including the Debtor's deposition.[2]  For these reasons, as well as the unprecedented interruption of business on a global scale caused by the COVID-19 pandemic, I called Mr. Maniscalco to request an adjournment of the 9019 Motion and the Motion to Dismiss for at least 30 days.  He responded that the Debtor "would obviously like to proceed on everything and wants to be out of bankruptcy," and would only agree to adjourn the Motion to Dismiss, for only a week.  Mr. Maniscalco added that adjourning the 9019 Motion "will continue to prejudice [D]avid Bradley…."

      After delaying the adjudication of the Trustee Motion and the Motion to Convert for months, providing incomplete responses to NSM82 LLC's Rule 2004 subpoena and failing to appear for her deposition in connection therewith, and taking no action to move toward a Chapter 11 reorganization or orderly liquidation for more than two (2) years while she enjoyed the protection of the automatic stay, the Debtor now seeks to exit bankruptcy as soon as possible and stand on a self-created exigency as a basis for pushing for immediate Court approval of a dubious transaction involving an insider.  NSM82 LLC respectfully submits that, given the history of this proceeding and the numerous issues attendant to it that still have not been addressed, more time is needed for NSM82 LLC (and all other parties-in-interest) to respond to the 9019 Motion and the Motion to Dismiss in a comprehensive manner, which, as noted above, is made even more challenging by the current healthcare crisis.  Accordingly, we respectfully request that all matters on the Court's calendar be adjourned for at least 30 days.

---

[2] It should also be noted that the Debtor still has not provided complete written responses, or appeared for her deposition, in connection with the Rule 2004 subpoena issued by NSM82 LLC last year, with this Court's approval.

Hon. James L. Garrity, Jr., U.S.B.J.
March 18, 2020
Page **3** of **3**

       Thank you for Your Honor's consideration.

                                      Respectfully,

                                      */s/ Kenneth L. Baum*

                                      Kenneth L. Baum

cc: All parties receiving notice via ECF