

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax

New Jersey

Delaware

Maryland

Texas

Florida

Nolan E. Shanahan
Member
Admitted in NY and NJ

Reply to New York Office
Writer's Direct Line: 646-563-8935
Writer's Direct Fax: 646-521-2035
Writer's E-Mail: NShanahan@coleschotz.com

March 19, 2020

**Via Electronic Case Filing and E-mail**

Honorable James L. Garrity
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

  Re: Penny Ann Bradley
     Case No. 18-10122 (JLG)

Dear Judge Garrity:

  As you know, this firm represents creditor Atlas Union Corp. ("Atlas") in connection with the above-referenced chapter 11 proceeding. We write to join in the request by NSM82 LLC ("NSM") [Docket No. 250] for an adjournment of all matters scheduled before the Court on April 1, 2020, including Atlas' time to oppose the Debtor's two (2) newly filed motions. *See* Docket Nos. 247 and 248. Specifically, Atlas requests that the following matters[1] be adjourned for a minimum of thirty (30) days:

  1. NSM's motion to appoint a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) [Docket. No. 131] (the "Trustee Motion"), to which Atlas filed a joinder [Docket No. 133];

  2. The motion by Lewis Berman LLC ("Berman") to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) [Docket No. 167] (the "Berman Trustee Motion];[2]

---

[1] Atlas takes no position on Debtor's Motion to Disallow the Claim of Russell Pollack and Lydia Pollack [Docket No. 183], which is also currently scheduled for April 1, 2020.

[2] Although the contemplated "settlement" between Berman and the Debtor provides for the withdrawal of the Berman Trustee Motion if that settlement is approved, the Berman Trustee Motion remains pending before the Court.

Cole Schotz P.C.

Honorable James L. Garrity
March 19, 2020
Page 2

    3.    Debtor's Motion to Disallow Atlas' Claim [Docket No. 172] (the "Claim Objection");

    4.    The U.S. Trustee's motion to convert the Debtor's Chapter 11 case to a Chapter 7 liquidation [Docket. No. 185] (the "Motion to Convert");

    5.    Debtor's motion to approve a purported settlement of Berman's claim pursuant to Fed. R. Bankr. P. 9019 [Docket. No. 247] (the "9019 Motion"); and

    6.    Debtor's motion to dismiss this Chapter 11 case pursuant to 11 U.S.C. § 1112(b) [Docket. No. 248] (the "Renewed Motion to Dismiss").

As pointed out by NSM in its correspondence to Your Honor, the Trustee Motion and the Motion to Convert, along with the Berman Trustee Motion and the Claim Objection, have been pending for several months and have been adjourned multiple times at the Debtor's request. These adjournment requests have been the Debtor's course of conduct in this Chapter 11 case, as demonstrated by her prior motion to dismiss this case [Docket No. 35] which was originally filed March 30, 2018 and adjourned multiple times before finally being withdrawn on July 2, 2019 [Docket No. 124], over a year later. Any exigency claimed by Debtor is belied by her course of conduct and should be rejected.

Given the numerous issues raised in the 9019 Motion and the Renewed Motion to Dismiss, including the Debtor's lack of good faith and her manipulation of the bankruptcy process for the past two (2) years, Atlas expects to object to those motions and will be seeking discovery in connection therewith, including the Debtor's deposition.[3] For these reasons, as well as the unprecedented interruption of business on a global scale caused by the COVID-19 pandemic, Atlas joins in NSM's application to adjourn all matters for at least thirty (30) days.

We thank the Court for its consideration.

                        Respectfully submitted,

                        */s/ Nolan E. Shanahan*

                        Nolan E. Shanahan

NES:dlr

cc:    All counsel of record via e-mail

---

[3] It must also be noted that the Debtor still has not provided complete written responses, or appeared for her deposition, in connection with the Rule 2004 subpoena issued by Atlas last year pursuant to this Court's Order, dated March 28, 2019 [Docket No. 85].

52031/0003-20042224v1