**LAMONICA HERBST & MANISCALCO, LLP**

*Moving Forward. Staying Ahead.*®

Joseph S. Maniscalco, Esq.
Member
p: 516.826.6500 x218
jsm@lhmlawfirm.com

March 23, 2020

**By ECF & E-Mail**
Honorable James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408
**Garrity.chambers@nysb.uscourts.gov**

    Re: **Penny Ann Bradley**
       **Chapter 11**
       **Case No. 18-10122 (JLG)**

Dear Judge Garrity:

  This firm is special counsel to Penny Ann Bradley (the "Debtor"). This letter is in response to the letter of Kenneth Baum, Esq., attorney for NSM82, LLC ("NSM") requesting an adjournment for thirty (30) days (the "Adjournment Letter") to address the Debtor's pending motion to (a) approve a Stipulation with Dr. Lewis Berman, her largest creditor (the "Berman Stipulation"), and (b) dismiss the Debtor's Chapter 11 case.[1]

  As an initial matter, the Debtor understands the global pandemic we are dealing with regarding the Covid-19 coronavirus, however, that is not the reason the adjournment is being sought. Instead, that was simply a throw in at the end of the letter.

  If this Court recalls, the reason for the pending matters being adjourned was to afford the Debtor an opportunity to resolve claims with her creditors. The Debtor worked feverishly for months to accomplish that task and has been able to resolve the claim of her largest creditor, Dr. Lewis Berman. At the same time, what the Adjournment Letter fails to mention is the Debtor has a pending Stipulation sitting with Mr. Baum for over two (2) weeks (March 9th) seeking to resolve all of the claims of NSM and Atlas as well.[2] Mr. Baum has not provided one comment or revision to that Stipulation. That Stipulation also contemplates a dismissal of the Debtor's case.

  The Debtor also has a pending proposal with Russell & Lydia Pollack (collectively, "Pollack") and is extremely close to resolving Pollack's purported claim. As a compromise, and in deference to what is happening in our environment, the Debtor offered to adjourn the motion to dismiss but allow the motion to approve the Berman Stipulation to proceed, unless there was a serious objection to the Berman Stipulation. No objection was ever presented and the time to file an objection is not until March 25, 2020. It is hard to contemplate an objection to the Berman

---

[1] The Adjournment Letter request was joined by Nolan Shanahan, Esq., attorney for Atlas. NSM/Atlas are essentially one in the same although separately represented.

[2] The Motion to approve the Berman Stipulation was filed March 11, 2020, after the Stipulation to resolve claims with NSM/Atlas was presented.

**LaMonica Herbst & Maniscalco, LLP**

Honorable James L. Garrity, Jr.
March 23, 2020
Page 2

Stipulation as it does not prejudice any of NSM/Atlas rights. Despite the offer and the communication, Mr. Baum has not been able to articulate anything to justify a delay in approval of the Berman Stipulation.

The reason the Berman Stipulation approval is being sought sooner than later is because (a) the Settlement Sum has been in Debtor's counsel's escrow account to pay Berman, and (b) the Berman Stipulation resolves several other matters including a foreclosure, refinance, and cuts off the Debtor's liability in a foreclosure.

As for the alleged bad faith in having the automatic stay in effect, this argument fails for two reasons. First, Atlas received relief from the automatic stay by Order dated May 21, 2018 and has been vigorously pursuing its foreclosure deficiency claims in State Court. Second, while NSM and Atlas have pending motions before the Court for the appointment of a Trustee, they have not pursed any of those remedies since August, 2019. Despite the Court asking for a discovery plan from both of them, none was ever worked out or submitted to Debtor's counsel and no discovery has taken place on those motions. In part, the reason was to allow the Debtor to resolve claims with her creditors. The Debtor has done just that and has proceeded in good faith to resolve those claims. In fact, the Debtor has done the same thing with NSM/Atlas. Even if the case were to be dismissed, the Debtor would continue to seek a resolution of those claims. If a resolution could not be reached, however, Atlas/NSM would have all of their rights and remedies and would be able to pursue the Debtor out of bankruptcy.

It is my understanding that the United States Trustee was pleased with the Debtor's pending motion and the Berman Stipulation and supports dismissal. Indeed, the Debtor would not receive a discharge upon dismissal of the case.

In view of the foregoing, the Debtor would request that the Motion to approve the Berman Stipulation be granted on April 1, 2020. If the Court believes dismissal should be adjourned, we would request that the adjournment be for two (2) weeks.

Thank you for your consideration.

Respectfully submitted,
*s/ Joseph S. Maniscalco*
Joseph S. Maniscalco

cc: Nolan E. Shanahan, Esq; Jacob S. Frumkin, Esq.;
Daniel S. Alter, Esq.; Serene K. Nakano, Esq.;
Kenneth Baum, Esq.; David Hartheimer, Esq.;
Richard Levy, Esq.; Sandy Mayerson, Esq.;
Marion R. Harris, Esq.