**LaMONICA HERBST & MANISCALCO, LLP**    Relates to a Hearing Scheduled for April 22, 2020
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Chapter 11

PENNY ANN BRADLEY,                                       Case No.: 18-10122 (JLG)

          Debtor.
-----------------------------------------------------------x

### REPLY TO OBJECTION OF SLAWOMIR KONOPKA TO DEBTOR'S CHAPTER 11 STIPULATION OF SETTLEMENT

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE

      Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her undersigned special counsel, submits this reply to the *Objection Of Slawomir Konopka To Approval Of Debtor's Chapter 11 Stipulation Of Settlement* (the "Konopka Objection"), and in further support of the *Debtor's Motion For An Order, Pursuant To 11 U.S.C. § 105(A) And Rules 2002 And 9019 Of The Federal Rules Of Bankruptcy Procedure, Approving Stipulation Of Settlement* ("Motion"). The Debtor respectfully sets forth and represents as follows:

### PRELIMINARY STATEMENT

    1.    The Objection fails to set forth a basis in fact or law to deny the relief requested in the Motion and displays a fundamental lack of understanding of bankruptcy law. While Slawomir Konopka ("Konopka") filed a proof of claim against the Debtor's estate some five months after the deadline to do so, there is no backup documentation annexed to the claim.[1] Simply put, Konopka has no basis for a claim against the Debtor and lacks standing to object to the Motion.

---

[1]    It is possible that someone urged Konopka to file the baseless Objection.

2.      As evidenced by the contract annexed hereto as **Exhibit A,** Konopka entered into an agreement with Norfolk Street Management, LLC ("Norfolk Street"), not the Debtor. There is no basis for Konopka to file a claim against the estate or the Objection. Konopka and the Debtor were never in privity of contract. In the event Konopka is owed any money under the contract with Norfolk Street, his claim is against that entity and not the Debtor.

3.      Despite requests for Konopka and his counsel to withdraw the frivolous claim and the Objection, they have failed to do so. Similarly, despite requests for turnover of a copy of any contract between the Debtor and Konopka, none was ever provided.

4.      For these and the reasons set forth below, the Objection should be overruled and the relief requested in the Motion should be granted.

## SUPPLEMENTAL BACKGROUND[2]  AND REPLY

5.      On or about March 4, 2015, Konopka entered into a contract to perform tile services to Norfolk Street at the real property know as 42 East 82nd Street, New York, New York ("Property").[3] See **Exhibit A.** In connection with the services provided, Konopka would submit a signed, notarized and sworn statement of services to Alpine Capital Bank ("Alpine"), the lender for the project at the time, in order to process payment. The requisition process was normal and customary in the construction industry. Copies of the signed requisitions to Alpine are annexed hereto as **Exhibit B**.

---

[2]  The Debtor incorporates the procedural and factual background set forth in the Motion as if fully set forth herein.

[3]  This is the same Property that Atlas was involved in with Norfolk Street and the Debtor.

6.      The requisitions clearly provide in paragraph 1 that Konopka was providing services at the Property under a contract with Norfolk Street. See **Exhibit B**. The requisitions also list the amount of the contract, the amount that has been paid, the amount due, and status of work. See id. The requisitions are sworn, under penalty of perjury, that services were rendered to Norfolk Street and not the Debtor. See id. Indeed, these sworn statements by Konopka were relied upon by Alpine and the other party to the contract in order to pay Konopka for the tile services performed.

7.      On January 13, 2020, Konopka filed a proof of claim against the Debtor's estate in the amount of $11,510.03, which was assigned claim number 8-1 ("Claim 8"). Claim 8 is a late-filed claim as the deadline to file proof of pre-petition claims was August 22, 2019. See Dkt. No. 137. No supporting documentation is annexed to Claim 8. In the event the Debtor's case is not dismissed, if necessary, the Debtor will file an objection to Claim 8.

8.      In view of the frivolous nature of both Claim 8 and the Konopka Objection, the Court should overrule the Konopka Objection in its entirety.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order overruling the Konopka Objection and granting the relief requested in the Motion, together with such other and further relief as may be just.

Dated:  April 16, 2020
         Wantagh, New York                **LaMONICA HERBST & MANISCALCO, LLP**
                                          *Special Counsel to the Debtor*

                                  By:     *s/ Joseph S. Maniscalco*
                                          Joseph S. Maniscalco, Esq.
                                          A Member of the Firm
                                          3305 Jerusalem Avenue, Suite 201
                                          Wantagh, New York 11793
                                          Telephone: (516) 826-6500