**LaMONICA HERBST & MANISCALCO, LLP**  Relates to a Hearing Scheduled for April 22, 2020
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                          Chapter 11

PENNY ANN BRADLEY,                                              Case No.: 18-10122 (JLG)

                Debtor.
----------------------------------------------------------x

**OMNIBUS REPLY TO ATLAS UNION CORP.'S OBJECTION TO
DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. §
105(a) AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF
SETTLEMENT AND JOINDER OF NSM82 LLC**

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE

      Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her undersigned special counsel, submits this omnibus reply to *Atlas Union Corp.'s Objection To Debtor's Motion For An Order, Pursuant To 11 U.S.C. § 105(A) And Rules 2002 And 9019 Of The Federal Rules Of Bankruptcy Procedure, Approving Stipulation Of Settlement* ("Objection") and the joinder of NSM82 LLC ("Joinder"), and in further support of the *Debtor's Motion For An Order, Pursuant To 11 U.S.C. § 105(A) And Rules 2002 And 9019 Of The Federal Rules Of Bankruptcy Procedure, Approving Stipulation Of Settlement* ("Motion"). The Debtor respectfully sets forth and represents as follows:

**PRELIMINARY STATEMENT**

      1.      By the Motion, the Debtor seeks approval of a stipulation of settlement ("Stipulation") among the Debtor, Lewis H. Berman LLC ("Berman") and David Bradley ("Bradley"). Atlas Union Corporation ("Atlas"), whose standing to object to the Motion is

disputed by the Debtor, contends that the settlement provides no benefit to the Debtor's estate and should not be approved. NSM82 LLC ("NSM") joins in the Objection. The benefits of the proposed settlement, however, are numerous. Among other things, the settlement resolves all disputes between the Debtor and Berman without delay or further litigation and eliminates a potentially sizeable mortgage deficiency claim against the Debtor.

2.  As set forth below, the Debtor reached an agreement with Avant Capital 52 East 64th Street LLC ("Avant") pursuant to which Avant's $9,595,000.00 claim against the Debtor will be withdrawn in connection with a scheduled April 30, 2020 refinancing that cannot occur absent approval of the settlement embodied in the Stipulation. A declaration of Adam S. Luysterborghs, the Managing Member of Avant Capital Bridge LLC, the Managing Member of Avant, confirming the agreement is annexed hereto as **Exhibit A**. The settlement thus avoids not only a potential deficiency claim against the Debtor but, as well, the incurrence of additional legal fees and costs, which are projected to be significant absent the agreement embodied in the Stipulation.

3.  As further set forth below, since the Objection was filed, the Debtor also reached an agreement with Bradley with respect to the transferred Berman claim if the Stipulation is approved. Specifically, Bradley agreed to reduce the transferred Berman claim by $1,000,000.00, thus providing additional benefit to the estate and its creditors.

4.  The Court should be aware that, despite extensive, good-faith negotiations among the Debtor, Atlas and NSM, Atlas and NSM stopped responding to the Debtor. While the Debtor circulated a proposed stipulation in early March 2020, Atlas and NSM have failed to even respond.

5.  There can be no dispute that the Debtor's business judgment was sound and reasonably exercised when entering into the Stipulation. The agreement embodied in the Stipulation falls well above the lowest point in the range of reasonableness. The Objection and the Joinder should be overruled and the relief requested in the Motion should be granted.

**SUPPLEMENTAL BACKGROUND**[1]

6.  On January 18, 2018 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

7.  As of the Filing Date, the Debtor held, inter alia, a minority, 33% ownership interest in 52 East 64th Street LLC ("East 64th LLC"). East 64th LLC owns the real property known as and located at 52 East 64th Street, New York, New York ("Property").

8.  On June 25, 2019, Avant commenced a foreclosure action against, among others, East 64th LLC by filing a summons and complaint in the Supreme Court of the State of New York, County of New York ("State Court"), which was assigned index no. 850138/2019 ("Foreclosure Action").

9.  On July 19, 2019, East 64th LLC filed a verified answer in the Foreclosure Action.

10. On August 12, 2019, Berman filed a proof of claim against the Debtor's estate in the amount of $4,015,973.00, which was assigned claim number 201 ("Claim 2"). Documents annexed to Claim 2 evidence that the claim relates to an agreement respecting East 64th LLC and its Property.

---

[1] The Debtor incorporates the procedural and factual background set forth in the Motion as if fully set forth herein.

3

11. On August 22, 2019, Avant filed a proof of claim against the Debtor's estate in the amount of $9,595,000.00, which was assigned claim number 5-1 ("Claim 5"). As evidenced by documents annexed to Claim 5, the basis for Avant's claim is the Debtor's personal guaranty of a certain note and mortgage from East 64th Street LLC to the Property in the original principal amount of $9,500,000.00 ("Personal Guaranty").

12. On October 4, 2019, Avant filed a motion for summary judgment in the Foreclosure Action.

13. On November 22, 2019, East 64th LLC filed a cross-motion for summary judgment in the Foreclosure Action.

14. On March 10, 2020, the Motion was filed in this Court. See Dkt. No. 247.

15. On March 12, 2020, the State Court issued a Decision and Order denying Avant's motion for summary judgment, granting East 64th LLC's cross-motion and dismissing the Foreclosure Action without prejudice.

16. On April 13, 2020, Atlas filed the Objection. See Dkt. No. 260.

17. On April 15, 2020, NSM filed its joinder to, inter alia, the Objection. See Dkt. No. 266.

18. The Debtor has reached an agreement with Avant pursuant to which Claim 5 will be withdrawn. See **Exhibit A**. Specifically, if the Stipulation is approved, Bradley intends to refinance debt against East 64th LLC and its Property pursuant to which Avant will be paid and satisfied. The Debtor is informed that, absent approval of the Stipulation enabling Bradley to refinance, Avant will recommence a foreclosure action in the State Court. Avant asserts that, as of the date hereof, it is owed $12,100,000.00.

4

## **REPLY**

19.     To approve the settlement embodied in the Stipulation, this Court must determine whether the settlement is fair, equitable and in the best interests of the Debtor's estate. See In re Drexel Burnham Lambert Grp., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). The Second Circuit outlined the factors to be considered for approval of settlements under Bankruptcy Rule 9019 in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452 at 462 (2d Cir. 2007).

20.     Resolution of broad, uncertain and potentially expensive litigation is a primary factor to examine when determining whether a proposed settlement should be approved. See In re MF Global Inc., 2013 Bankr. LEXIS 427, *12-13 (Bankr. S.D.N.Y. January 31, 2013) (approving settlement on several grounds, the first of which was that continued litigation "would be complex and expensive, and would divert significant estate resources"); In re Dewey & Leboeuf L.L.P., 478 B.R. 627 at 642-43 (Bankr. S.D.N.Y. 2012) (approving settlements in large part based on resolution of uncertainty of anticipated future complex and protracted litigation); In re Schwartz, 480 B.R. 808, 810-11 (Bankr. W.D. Ky. 2012) (approving settlement under TMT Trailer factors and finding that "complexity of . . . litigation, the expense, the inconvenience and delay" factor weighed heavily in favor of approving settlement notwithstanding strong probability on success and collectability); In re Bay W. Kailua Bay, L.L.C., 2012 Bankr. LEXIS 5363, 2012 WL 5844806, *12-14 (Bankr. D. Haw. Nov. 15, 2012) (finding in approving proposed settlement that probability of success on litigation being settled was uncertain); In re Hildreth, 2012 Bankr. LEXIS 4627, *14-20 (Bankr. N.D. Iowa October 1, 2012) (finding that even though a high likelihood of success may exist, delays incident to further delays of three-

5

year-old case weighed in favor of approval of settlement). Additionally, a court's evaluation of a settlement includes consideration of the opinion of counsel supporting such a settlement. See MF Glob., 2013 Bankr. LEXIS 427 at * 13 (approving settlement after giving weight to "the opinion of bankruptcy counsel supporting the settlement".); see also In re Hildreath, 2012 Bankr. LEXIS, at * 16.

21. A bankruptcy court, however, should not conduct "mini-trials" on the merits of a proposed settlement. See Liberty Towers Realty, L.L.C. v. Richmond Liberty, L.L.C., 569 B.R. 534 at 539 (E.D.N.Y. 2017) (citations omitted). "[A] bankruptcy judge need not decide the numerous questions of law and fact raised by the settlement, but rather, should 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Bildirici v. Kittay (In re E. 44th Realty, LLC), No. 05 BR 16167, 2008 LEXIS 7337, 2008 WL 217103, at *8 (S.D.N.Y. Jan. 23, 2018) (quotations omitted).

22. In entering into the Stipulation, the Debtor carefully considered the value of her minority interest in East 64th LLC. The only asset owned by East 64th LLC is the Property, which is currently undeveloped and will require substantial capital to develop. The Property is encumbered by a mortgage lien which, as set forth above, was the subject of the Foreclosure Action at the time the Motion was filed. While the Foreclosure Action was subsequently dismissed, it was dismissed without prejudice. The Debtor is informed that, if a resolution is not reached, Avant intends to recommence a foreclosure action in the State Court and that Avant is owed in excess of $12,100,000.00. The Debtor thus concluded in her reasonable business judgment, given the amount of the mortgage debt and other indebtedness of East 64th LLC, that her minority interest in East 64th LLC is of inconsequential value.

6

23.    The Debtor further considered that, to the extent that Avant forecloses on the undeveloped Property, there is a high probability that a deficiency balance of millions of dollars would remain for which the Debtor would be liable by virtue of the Personal Guaranty. Accordingly, the Debtor negotiated a separate agreement whereby – if the Stipulation is approved – Bradley will refinance the debt against East 64th LLC and, inter alia, pay off Avant. As a result, Avant will be satisfied and Claim 5 will be withdrawn. The third-party lender requires Bradley to be the 100% owner of East 64th LLC, which further supports approval of the Stipulation.

24.    Atlas argues that the settlement embodied in the Stipulation "harms" creditors by transferring "a potentially valuable estate asset in exchange for no consideration of at all." See Opposition at 2. Contrary to Atlas's assertions, the Debtor's minority interest in East 64th LLC is neither valuable to being exchanged for no consideration. As set forth above, the only asset of East 64th LLC is the Property, which is undeveloped and encumbered by a mortgage lien currently in excess of $12,100,000.00. East 64th LLC also owes Bradley an aggregate of $6,430,000.00. Before any value could be recovered on account of the Debtor's minority interest in East 64th LLC, first Avant would need to be paid and satisfied and then Bradley would need to be paid and satisfied. Atlas puts forth no evidence to support its claim that the Debtor's minority interest in East 64th LLC is potentially valuable or, for that matter, has any value.

25.    Moreover, if the Stipulation is approved, Bradley is scheduled to close on the refinance on or before April 30, 2020. In turn, Avant will be satisfied and Claim 5 will be withdrawn, which will provide a substantial benefit to the Debtor's estate and her creditors. Indeed, it will entirely eliminate a $9,595,000.00 claim against the Debtor's estate. To the extent the settlement is not approved, there will be no closing and the prospect of refinancing in the

7

future, in light of the COVID-19 pandemic and the fluctuating financial markets, is remote. In that event, Claim 5 – i.e., the largest filed claim other than Atlas's claim[2] – remains. Thus, the Debtor's creditors are only harmed if the Stipulation is not approved.

26. Atlas's suggestion that the Debtor structured the agreement to bring a "friendly" creditor into the case is made of whole cloth. Bradley is represented by experienced counsel who negotiated the terms of the Stipulation on his behalf. As a condition to the settlement, Bradley's counsel required an assignment of Claim 2 – not the Debtor or her counsel. Furthermore, since the Objection was filed, the Debtor has negotiated a further agreement with Bradley whereby Bradley has agreed to reduce the transferred Claim 2 by $1,000,000.00.

27. Finally, the Debtor reiterates that no portion of the $900,000.00 was paid by her and that the entire sum was paid by Bradley.

28. In view of the foregoing, there can be no dispute that the Debtor's business judgment was sound and reasonably exercised in negotiating and entering into the Stipulation. If approved, Claim 2 will be reduced by $1,000,000.00 and Claim 5 will be withdrawn. The settlement falls well above the lowest point in the range of reasonableness. See generally Motorola, Inc., 478 F.3d 452; In re Drexel Burnham Lambert Grp., 134 B.R. 493. The Stipulation should be approved.

---

[2] The Debtor does not concede that Atlas has a valid claim against her estate. The Debtor objected to Claim 2 and, despite subsequent extensive negotiations, Atlas and NSM went radio silent in early March 2020 after the Debtor circulated a stipulation resolving the parties' claims. It appears Atlas and NSM prefer to litigate and to hold the Debtor hostage.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order overruling the Objection, overruling the Joinder, and granting the relief requested in the Motion, together with such other and further relief as may be just.

Dated: April 17, 2020
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Special Counsel to the Debtor and Debtor-in-Possession

By:   *s/ Joseph S. Maniscalco*
Joseph S. Maniscalco, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500