

|  |  |
|---|---|
| Nolan E. Shanahan<br>Member<br>Admitted in NY and NJ | 1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>212-752-8000   212-752-8393  fax<br>—<br>New Jersey<br>—<br>Delaware<br>—<br>Maryland<br>—<br>Texas<br>—<br>Florida |

Reply to New York Office
Writer's Direct Line: 646-563-8935
Writer's Direct Fax: 646-521-2035
Writer's E-Mail: NShanahan@coleschotz.com

May 18, 2020

**Via Electronic Case Filing and E-mail**

Honorable James L. Garrity
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    Penny Ann Bradley
            Case No. 18-10122 (JLG)

Dear Judge Garrity:

      As you know, this firm represents creditor Atlas Union Corp. ("Atlas") in connection with the above-referenced chapter 11 proceeding. We write to respectfully request that the Court grant either one of the long-pending motions to appoint a Chapter 11 trustee (the "Trustee Motions") or the motion to convert this case to one under chapter 7 (the "Conversion Motion")[1] before even considering the Debtor's more recently filed motions to dismiss this proceeding and to approve a purported "settlement" with a single creditor.

      The long history of this case, which has spanned almost two and one-half years and seen little to no progress, can be boiled down to a series of recurring maneuvers by the Debtor –failing to comply with her obligations as a chapter 11 debtor and actively avoiding the same to the detriment of her creditors. The prime example of the Debtor's penchant for misconduct is her admission, on more than one occasion including in her most recent motion to dismiss, that the sole purpose of her filing of this chapter 11 case was to frustrate Atlas's attempt to enforce its rights under a mortgage made by NSM82 LLC ("NSM"), a non-debtor formerly controlled by the Debtor. In fact, the Debtor had no liability under her personal guarantee of NSM's debt until she first opposed Atlas's state court foreclosure action and then, shortly thereafter, commenced this case. Simply put, if the Debtor had not contested Atlas's state court foreclosure, which

---

[1] Notwithstanding the Debtor's proposed "settlement" with Lewis H. Berman LLC ("Berman"), *see* Docket No. 247 (which Atlas opposed, *see* Docket No. 260) and several other "settlements" referred to by the Debtor in recent submissions but for which she has not sought Court authority, none of the parties who filed the Trustee Motions, the Conversion Motion or a joinder to same have withdrawn such motions or joinders in favor of the Debtor's proposed course of action.

Cole Schotz P.C.

Honorable James L. Garrity
May 18, 2020
Page 2

ultimately was granted by that court, and filed this chapter 11 case, the real property at issue would have been promptly sold to satisfy the debt owed to Atlas and almost certainly resulted in excess funds that would have been turned over to NSM for distribution to its members and creditors, of which the Debtor allegedly was both. Instead, by filing this case, the Debtor delayed and frustrated that process by at least one year, including her requests for more time to complete unrealistic and infeasible transactions to sell the property, to the direct and substantial detriment of Atlas and her other creditors, which now include NSM.

Once she filed this case, the Debtor misrepresented the imminent nature of various potential transactions regarding NSM's property and has consistently failed and refused to fulfill her obligations as a chapter 11 debtor, including filing complete and timely monthly operating reports, a deficiency which existed well before any alleged effect of the COVID-19 pandemic in mid-March of this year.[2] The Debtor has failed to comply with several orders of this Court requiring her to produce documents and appear for a deposition, deposited estate assets in a non-debtor bank account, and was indicted for mortgage fraud. She has never sought this Court's approval for the retention of her state court counsel in connection with Atlas's foreclosure case, who has actively represented her in that matter for two and a half years and presumably was paid with estate assets without the Debtor having sought court authority to do so. The Debtor also has failed to respond to contested matter discovery served upon her in connection with her most recent motions. Now, in addition to the proposed settlement with Berman, the Debtor contends that this case should be dismissed because she has settled the claims of two other creditors. Unsurprisingly, she has not sought this Court's approval for such settlements, perhaps because one is with a creditor whose claim was indisputably filed months after the bar date, and the other settlement has not yet been finalized, notwithstanding Debtor's statement in her recent status letter filed with the Court to the contrary.[3] Finally, the Debtor has made no effort to resolve Atlas's claim since last month's telephonic hearing in this case.

As set forth in the fully briefed and long-pending Trustee Motions and Conversion Motion, the only equitable outcome here based on Debtor's demonstrated inability to manage her business affairs and comply with her obligations is the appointment of an independent fiduciary for the benefit of all of her creditors.

---

[2] Debtor's reference to "being evacuated" from her home to an unknown location as a result of the pandemic also is curious on its face and presents an issue to any creditors left out in the cold by a dismissal of this chapter 11 and needing to serve her with subsequent process.

[3] The Debtor has not corrected the record on this point notwithstanding that counsel for that creditor reminder her on an e-mail to all parties in interest that her status letter on this point was inaccurate.

54451/0003-20435797v3

Cole Schotz P.C.

Honorable James L. Garrity
May 18, 2020
Page 3

    We thank the Court for its consideration.

                Respectfully submitted,

                */s/ Nolan E. Shanahan*

                Nolan E. Shanahan

NES:dlr

cc:    All counsel of record via e-mail