**LaMONICA HERBST & MANISCALCO, LLP**
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

PENNY ANN BRADLEY,

          Debtor.

Chapter 11

Case No.: 18-10122 (JLG)

---------------------------------------------------------------x

## MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF SETTLEMENT

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE

      Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her undersigned special counsel, seeks entry of an Order, pursuant to 11 U.S.C. § 105(a) ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), approving a stipulation of settlement ("Stipulation") among the Debtor, Russell Pollack and Lydia Pollack and respectfully states as follows:

### JURISDICTION, VENUE AND STATUTORY BASES

      1.     The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Bankruptcy Code § 105(a).

      2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (L).

      3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      4.     The statutory predicates for the relief sought in this Motion include section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

5.      On January 18, 2018 ("Filing Date"), the Debtor, *pro se*, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. See Dkt. No. 1. On March 1, 2018, the Debtor filed her bankruptcy schedules and statement of financial affairs. See Dkt. No. 27.

6.      The Debtor has continued in the management of her business and operation of her affairs as a debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      No trustee or examiner has been appointed and no official committee of unsecured creditors has been formed.

8.      Prior to the Filing Date, Russell Pollack and Lydia Pollack (together, "Pollack") filed an action entitled *Pollack v. 46 East 82nd Street LLC, et al.*, in the Supreme Court of the State of New York, County of New York, Index No. 152227/2015, in which Pollack seeks damages for alleged damage to Pollack's property while construction and renovation occurred at the adjacent real property known as 46 East 82nd Street, New York, New York ("State Court Action").

9.      On August 22, 2019, Russell Pollack and Lydia Pollack (together, "Pollack") timely filed a proof of claim against the Debtor's estate in an amount not less than $500,000, which was designated as Claim 6-1 ("Pollack Claim").

10.     On October 4, 2019, the Debtor, through her special counsel, objected to the Pollack Claim ("Pollack Claim Objection"). See Dkt. No. 184. On November 20, 2019, Pollack, through its counsel, filed a response to the Pollack Claim Objection ("Pollack Claim Response").

<u>See</u> Dkt. No. 210. On November 25, 2019, the Debtor, through her special counsel, replied to the Pollack Claim Response. <u>See</u> Dkt. No. 210.

11.     On March 10, 2020, the Debtor filed a motion to dismiss this case ("<u>Dismissal Motion</u>"). <u>See</u> Dkt. No. 248. The adjourned hearing on the Dismissal Motion is presently scheduled for June 4, 2020.

12.     In order to avoid the costs and risks of further litigation, the Debtor and Pollack (together, "<u>Parties</u>") determined to resolve their disputes including, but not limited to, the State Court Action and the Pollack Claim, without admitting to any wrongdoing or conceding to any of the allegations or claims asserted, on the terms and subject to the conditions set forth in the Stipulation annexed as <u>Exhibit A</u>.

<b><u>RELIEF REQUESTED AND BASIS FOR RELIEF</u></b>

13.     By this Motion, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the Debtor seeks approval of the Stipulation as being fair, equitable and in the best interests of the Debtor's estate. For the reasons set forth more fully below, the Debtor believes that the settlement falls well above the lowest level of reasonableness and urges this Court to approve the Stipulation. A proposed Order is annexed as <u>Exhibit B</u>.

**A.     <u>The Terms of the Settlement</u>**

14.     The Stipulation provides that, in full and final settlement of all claims and controversies asserted or that could have been asserted by or among the parties:

> a.   the Debtor shall pay to Pollack the sum of $125,000 ("<u>Settlement Sum</u>"), subject to setoff for any payments actually received by Pollack pursuant to the State Court Action [<u>Exhibit A</u> at 1, ¶1];

b.  the Settlement Sum shall be payable in full so as to be actually received by Pollack on the date on which an Order of this Court dismissing the Debtor's case becomes a final order [Exhibit A at 2, ¶2];

c.  Pollack shall be deemed to have withdrawn its joinder in the motion by the United States Trustee to appoint a chapter 11 trustee or any other pending motion that is inconsistent with the Stipulation, and Pollack shall file such documents to support dismissal of the Debtor's case [Exhibit A at 3-4, ¶3];

d.  Pollack will not object to a plan of reorganization that may be proposed by the Debtor so long as such plan treats Pollack in a manner fully consistent with the Stipulation and Pollack shall not seek any further extension of time to object to the dischargeability of their debt, or file any complaint objecting to the dischargeability of their debt [Exhibit A at 4, ¶4];

e.  the Pollack Claim shall be deemed reduced to $125,000 and a letter confirming the foregoing shall be filed on the docket in the Debtor's case [Exhibit A at 4, ¶5];

f.  the Pollack Claim shall be allowed as a general unsecured claim subject to certain adjustment, set-off, reduction or deduction related to the State Court Action [Exhibit A at 4, ¶6]; and

g.  Pollack will propose to the court in the State Court Action that all disputes therein be submitted to binding Arbitration and, if the court or another party therein rejects such binding arbitration, Pollack may continue to, inter alia, prosecute their claims in the State Court Action [Exhibit A at 5, ¶7].

15.  The Stipulation provides for mutual releases among the Parties, including the Debtor's various entities. See Exhibit A at 6-7, ¶¶ 8, 9. The Stipulation further provides that, if

any action is commenced to avoid any payment made to Pollack per the Stipulation and, thereafter, if any amount is paid by Pollack relating to such action, then the releases are null and void and Pollack may pursue, inter alia, any other claim or cause of action that Pollak has or may have against the Debtor and/or any released party under the Stipulation. See id. at 7-8, ¶10.

16.     The Stipulation further provides that the Parties will work cooperatively in connection with the Debtor's pending Dismissal Motion. See Exhibit A at 8-9, ¶12. To the extent the Court, inter alia, denies the Dismissal Motion (each a "Court Action"), the Stipulation provides that the Parties: (a) waive all rights to challenge a Court Action; and (b) the Settlement Sum will be returned to the third party who funded it, provided that, if the Court Action is subsequently reversed, vacated or withdrawn for any reason, the escrow of the Settlement Sum shall be reinstated and shall be subject to disbursal per the terms of the Stipulation, provided further that, failure to reinstate the escrow obligates the Debtor to pay the Settlement Sum, plus other amounts, to Pollack, which obligation the Debtor secured with an affidavit of confession of judgment. See id.

17.     As reflected in the Stipulation, the Settlement Sum was advanced by a third party on account of the Debtor and for the benefit of the Debtor on the condition that the Stipulation be approved by the Court. See Exhibit A at 2-3, ¶1. The third party was non-debtor David Bradley, the Debtor's ex-husband. Debtor's undersigned special counsel is holding the Settlement Sum in its IOLA account.

18.     The above is intended to be only a summary of the more salient terms of the Stipulation. The Debtor respectfully refers the Court and all parties to the Stipulation that is Exhibit A for its complete terms and conditions.

B.      **The Stipulation Should Be Approved**

19.      Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoef LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

20.      Under Rule 9019 of the Bankruptcy Rules, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10-cv-978 (SRU), 3:10-cv-979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011). Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010). In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010). In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

21.      A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the Debtor, the Parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007)

22.    The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted).

23.    The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the Court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

24.    Here, the Debtor determined in her business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the standards discussed above, and that the settlement is in the best interests of the Debtor's estate.

25.    In determining whether to enter into the Stipulation, the Debtor considered that the agreement resolves all disputes among her and Pollack including, but not limited to, the Pollack Claim, the Pollack Claim Objection, the Pollack objection to the Debtor's pending Dismissal Motion and any future objection of Pollack to any plan proposed by the Debtor. The

Debtor was mindful that continued litigation over, inter alia, the Pollack Claim would be protracted and necessarily result in additional cost, expense and delay. The Debtor also considered that the Settlement Sum was funded by a third party and not from funds that would otherwise be available for other creditors of the Debtor. As a result, the Debtor exercised her best business judgment to enter into the Stipulation.

26.     The Stipulation provides for the exchange of mutual releases. The granting of releases in connection with a settlement of claims is left to the Debtor's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims). Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. September 10, 2007) (approving settlement agreement in which the Debtor granted releases). Here, the releases in the Stipulation are unquestionably necessary and appropriate given the mutuality of the releases, the financial consideration, the additional benefits of the settlement, and the fact that a settlement would not occur without releases. Accordingly, the Debtor believes the mutual releases should be approved.

27.     The settlement embodied in the Stipulation was the result of arm's-length negotiations. The Parties were represented by experienced counsel throughout the negotiations.

28.     For these reasons, the Debtor submits that the Stipulation is fair, reasonable and in the best interests of the Debtor's estate and the Debtor recommends its approval.

## NOTICE AND NO PRIOR REQUEST

29.     By separate application, the Debtor will seek entry of an Order scheduling a hearing on shortened notice of this Motion.

30.     No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein, and such other and further relief as may be just.

Dated: May 21, 2020
  Wantagh, New York   **LaMONICA HERBST & MANISCALCO, LLP**
            Special Counsel to the Debtor and Debtor-in-Possession

      By:  *s/ Joseph S. Maniscalco*
          Joseph S. Maniscalco, Esq.
          A Member of the Firm
          3305 Jerusalem Avenue, Suite 201
          Wantagh, New York 11793
          Telephone: (516) 826-6500

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                            Chapter 11

PENNY ANN BRADLEY,                                                Case No.: 18-10122 (JLG)

         Debtor.
-----------------------------------------------------------------x

### STIPULATION OF SETTLEMENT RESOLVING
### CLAIMS OF RUSSELL POLLACK AND LYDIA POLLACK

 Penny Ann Bradley, the chapter 11 debtor and debtor-in-possession (the "Debtor"), and

Russell Pollack and Lydia Pollack (collectively, "Pollack", and together with Debtor, the

"Parties"), by and/or through their undersigned counsel, hereby stipulate and agree as follows:

 WHEREAS, on January 18, 2018 (the "Petition Date"), the Debtor, *pro se*, filed a voluntary

petition [Dkt. 1] under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court");

 WHEREAS, the Debtor remains in possession of her assets and the management of her

affairs as a debtor in possession under Sections 1107 and 1008 of the Bankruptcy Code;

 WHEREAS, on April 16, 2019, the United States Trustee examined the Debtor at her

meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, which meeting was closed;

 WHEREAS, on August 22, 2019, Pollack timely filed a proof of claim against the Debtor's

estate in an amount not less than $500,000, which was designated as Claim 6-1 (the "Pollack

Claim");

 WHEREAS, on October 4, 2019, the Debtor, through her special counsel, filed a motion

objecting to the Pollack Claim [Dkt. 184] (the "Pollack Objection Motion");

 WHEREAS, on November 20, 2019, Pollack, through its counsel, filed its response to the

Pollack Objection Motion [Dkt.. 204] (the "Pollack Response");

WHEREAS, on November 25, 2019, the Debtor filed her reply to the Pollack Response and statement in further support of the Pollack Objection Motion [Dkt. 210];

WHEREAS, Pollack filed an action against certain parties, entitled *Pollack v. 46 East 82nd Street LLC, et al.*, in the Supreme Court of the State of New York, County of New York, Index No. 152227/2015, in which Pollack seeks damages for alleged damage to Pollack's property while construction and renovation occurred at the adjacent real property known as 46 East 82nd Street, New York, New York (the "State Court Action");

WHEREAS, in order to avoid the costs and risks of further litigation, the Debtor and Pollack (collectively, "Parties") determined to resolve their disputes, without admitting to any wrongdoing or conceding to any of the allegations or claims asserted, on the terms and subject to the conditions set forth in this Stipulation of Settlement (the "Stipulation").

**NOW THEREFORE,** for good and valuable consideration, it is hereby stipulated to, consented to and agreed by and between the Parties as follows:

## SETTLEMENT OF CLAIMS AND DISPUTES

1.      In full and final settlement of all claims and controversies asserted or that could be asserted by or among the Parties, the Debtor shall pay to Pollack the sum of $125,000 (the "Settlement Sum"), subject to setoff as provided below for any payments actually received by Pollack pursuant to the State Court Action (including any court-annexed or superseding arbitration that may be convened (the "Arbitration")). The Settlement Sum shall be deposited in a non-interest bearing IOLA with LaMonica Herbst & Maniscalco LLP, the Debtor's special counsel ("Special Counsel"), upon the Debtor's signing of this Stipulation (the "Deposit"). Special Counsel represents that the funds have been advanced by a third party on account of and for the benefit of

the Debtor on the condition that this Stipulation is approved and the Bankruptcy Court enters an order authorizing dismissal of the Debtor's bankruptcy case, and that such order becomes a "final order", as further provided below.

2.      The Settlement Sum shall be payable in full, as provided below, so as to be actually received by Pollack on or before the day (the "Payment Due Date") that is no later than two (2) business days after the date on which an Order of the Bankruptcy Court approving the dismissal of the Debtor's bankruptcy case has become a final order as defined in Note 1 below)[1] (the "Dismissal Order"), and upon such occurrence the Debtor's Special Counsel shall be authorized and required to deliver the Settlement Sum to Pollack pursuant to this paragraph without further notice. At Pollack's sole option, the Settlement Sum shall be paid by wire transfer to Pollack or Pollack's counsel of record (wire instructions to be provided), or by official bank check payable to "Russell Pollack and Lydia Pollack" and delivered to Pryor Cashman LLP, c/o Richard Levy, Jr., Esq., 7 Times Square, New York, NY 10036-6569.

3.      Upon the full execution of this Stipulation and the full funding of the Deposit, Pollack shall be deemed to have withdrawn its joinder in the Trustee's motion to appoint a chapter 11 trustee or any other motion pending before the Bankruptcy Court which is inconsistent with the

---

1      For purposes of this Stipulation, a "final order" is an order or judgment that has been entered on the docket maintained by the Clerk of the Bankruptcy Court, which has not been reversed, vacated or stayed, and as to which: (i) the time to appeal, petition for certiorari, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for a new trial, reargument, or rehearing will then be pending, or (ii) if an appeal, writ of certiorari, new trial, reargument, or rehearing thereof has been sought, such order or judgment will have been affirmed by the highest court to which such order was appealed, or certiorari will have been denied, or a new trial, reargument, or rehearing will have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for certiorari or move for a new trial, reargument, or rehearing will have expired; provided, however, that no order or judgment will fail to be a "final order" solely because of the possibility that a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure or any analogous provision of the Federal Rules of Bankruptcy Procedure has been or may be filed with respect to such order or judgment.

terms and conditions of this Stipulation and shall file such documents with the Bankruptcy Court

to support dismissal of the Debtor's bankruptcy case.

4.    Upon the full execution of this Stipulation and the full funding of the Deposit,

Pollack: (a) agrees that Pollack will not object to a plan of reorganization that may be proposed by

the Debtor (the "Plan") so long as such Plan treats Pollack in a manner fully consistent with the

terms and conditions of this Stipulation; and (b) shall not seek any further extension of time to

object to the dischargeability of its debt with the Debtor, or file any complaint objecting to the

dischargeability of its debt.

### ALLOWANCE OF THE POLLACK CLAIM, AS AMENDED

5.    Upon the full execution of this Stipulation and the full funding of the Deposit, the

Pollack Claim shall be deemed as of such time to have been amended by Pollack to reduce the

amount of the Pollack Claim to $125,000, and the Debtor shall be deemed as of such time to have

agreed to and accepted the claim as reduced to that amount (the "Allowed Pollack Claim"). Upon

the full execution of this Stipulation and the full funding of the Deposit, Special Counsel for the

Debtor and Pollack shall file in the docket of this case a letter in the form of Exhibit A, confirming

the Parties' agreement to the amendment and immediate allowance of the Allowed Pollack Claim.

6.    The Allowed Pollack Claim shall be allowed for all purposes as a general

unsecured, fully-liquidated, undisputed and (but for the automatic bankruptcy stay, for so long as

it remains in effect) enforceable claim in the amount of the Settlement Sum, subject to adjustment,

set-off, reduction or deduction only as follows: The Allowed Pollack Claim will be reduced dollar-

for-dollar only by the gross amount of any actual monetary recovery received by the Pollacks, if

any, from or on account of the State Court Action or any Arbitration, whether such recovery is

funded from insurance or other sources and whether by settlement, arbitration award or

adjudication.  In the event that the Settlement Sum is timely paid in full on or before the Payment

Due Date and Pollack later actually receives a money recovery in the State Court Action or the

Arbitration, then the Parties will in good faith determine and adjust, as may be the case, the

amounts to be retained by Pollack and/or paid over to the Debtor to effectuate the setoff under this

paragraph.  The Allowed Pollack Claim shall survive any conversion of the Debtor's case to

chapter 7 or appointment of a chapter 11 trustee.

7.      Pollack will propose to the court in the State Court Action, and will themselves

agree, that the disputes at issue in the State Court Action should be submitted to binding arbitration.

If the court or another party in the State Court Action rejects binding arbitration, the Pollacks are

free to continue opposing the enforcement of the alleged settlement asserted by the defendants in

the State Court Action, and to continue to prosecute their claims in the State Court Action.  At all

times in connection with the State Court Action and/or an Arbitration, Pollack will have and retain,

in Pollack's sole discretion, the plenary right to litigate, settle, compromise, discontinue, dismiss

or otherwise resolve or terminate the State Court Action, or any Arbitration, against some or all

defendants therein, at such time(s), in such amount(s), if any, and on such terms as Pollack may

accept in Pollack's sole discretion.  For the avoidance of doubt, Pollack has no obligation, whether

under this Stipulation or otherwise, to continue to litigate the State Court Action, to appeal any

judgment or decision therein or to pursue or confirm any Arbitration or any other form of claim or

dispute resolution mechanism against the defendants in the State Court Action or any other person.

Pollack may discontinue the State Court Action or the Arbitration at any time, in Pollack's sole

discretion.

## MUTUAL RELEASES

8.      **Releases From Russell Pollack and Lydia Pollack in Favor of the Debtor:**

Upon: (a) the Dismissal Order becoming a final order as defined above, and (b) full payment to

and collection by Pollack of the entire Settlement Sum, Pollack and Pollack's representatives,

agents, successors, trustees, heirs and assigns, shall be deemed to have, and shall have, released

and forever discharged the Debtor, 158 East 61 Street, LLC, 226 West 10th Street, LLC, 39 West

76 Street, LLC, 52 East 64th Street LLC, Bistro Shop Downtown LLC, Bistro Shop, LLC, Norfolk

Street Management II LLC, PBOR LLC, PYNEMA Investors, LLC, and TTC Group LLC

(collectively, the "Entities"), and their respective professionals, representatives, agents,

successors, trustees, heirs and assigns, from any and all claims and causes of action, of whatever

kind, nature, character and description, whether in law or equity, whether in tort, contract or under

other applicable law, whether known or unknown, whether liquidated or unliquidated, whether

contingent or fixed, and whether anticipated or unanticipated, which either or both of the Pollacks

have, had, may ever have had, or may ever claim to have, directly or indirectly, against the Debtor

and the Entities arising on or before the date on which all of the Parties have signed this Stipulation;

*provided, however*, that this release specifically excludes (i) any rights and entitlements of Pollack

arising under this Stipulation; and (ii) any rights, claims and entitlements of Pollack against any

of the parties to the State Court Action or any related Arbitration or the liability of such parties, if

any, that may be determined by or in connection with the State Court Action (or any related

Arbitration).

9.      **Release From the Debtor in Favor of Russell Pollack and Lydia Pollack.** Upon:

(a) the Dismissal Order becoming a final order as defined above, and (b) full payment to and

collection by Pollack of the entire Settlement Sum, the Debtor and the Entities, and their

representatives, agents, successors, trustees, heirs and assigns, shall be deemed to have, and shall have, released and forever discharged shall be deemed to have, and shall have, released and forever discharged Pollack and Pollack's professionals, representatives, agents, successors, trustees, heirs and assigns, from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Debtor and the Entities have, had, may ever have had, or may ever claim to have, directly or indirectly, against Pollack and their professionals arising on or before the date on which all of the Parties have signed this Stipulation, including, but not limited to, any claims that the Debtor or any of the Entities has or may have against Pollack related to the 82nd Street Property.

## ADDITIONAL PROVISIONS

10.    **Avoidance or Recovery of Transfers**.    Notwithstanding anything in this Stipulation to the contrary, (a) if any claim, action, proceeding or adversary proceeding is commenced or filed by any person or entity with any court or administrative body, at any time, seeking for any reason to avoid, invalidate and/or recover any or all of any amount paid to Pollack as set forth herein; and (b) any amount is thereafter paid by Pollack under a judgment or settlement on account of any such claim, action, proceeding or adversary proceeding, then, in the event that the releases set forth in Paragraphs 8 and 9 above have become effective: (1) the releases set forth in Paragraphs 8 and 9 above shall be null and void, and Pollack shall be free to pursue (i) the Allowed Pollack Claim, which shall continue to be deemed admitted and agreed by Debtor for all purposes, and (ii) any other claim or cause of action that Pollack has or may have against Bradley and/or any or all of the other parties released under Paragraph 8 above, including without limitation

the right to seek damages in excess of the amount of the Allowed Pollack Claim, plus attorneys'

fees and costs to the extent permitted by applicable law, if any; (2) any defense or counterclaim of

the Debtor based upon any or all of the following shall be deemed to have been tolled: (i) any

statute of limitations under federal or state law, including without limitation all defenses arising

from or predicated upon any rules or codes of civil procedure or civil practice, (ii) laches, waiver,

release or other theories of legal or equitable estoppel, and/or (iii) any failure or delay by Pollack

to institute or commence litigation or other legal proceedings within some period of time before a

specified date or before the occurrence of a specified event, along with the Debtor having any and

all other defenses related thereto.

11.    **Offset of Money Received in the State Court Action**.  Pollack agrees to provide

the Debtor and her professionals with periodic reports of the status of the State Court Action (or

any superseding Arbitration) and any stipulation, resolution, verdict, settlement, compromise,

dismissal or other termination in connection therewith.  Any money actually received by Pollack

in and under the State Court Action (or any superseding Arbitration) shall be deemed a credit and

offset against the Settlement Sum due to Pollack under this Stipulation, or as a refund to the Debtor,

subject to provisions of Paragraphs 6 and 7 above.

12.    **Mutual Cooperation for Approval of Stipulation and Dismissal**.

(a)    The Parties agree to work cooperatively in connection with the Debtor's

pending motion to dismiss the Debtor's bankruptcy case and Pollack agrees to support dismissal

of the bankruptcy case and file such papers with the Bankruptcy Court advising the Bankruptcy

Court of its approval.  In the event that the Bankruptcy Court denies or declines in any way to hear

or rule on the Debtor's motion to dismiss the bankruptcy case (each, a "Court Action"), each of

Pollack and the Debtor waives his/her right, and agrees not, to appeal, to seek leave to appeal, to

8

seek reconsideration of or otherwise to challenge a Court Action.    Special Counsel shall be authorized and permitted to immediately return the Settlement Sum from escrow to the third party who funded the Settlement Sum in consideration of Special Counsel's representation that such money was advanced by a third party and therefore is not property of the Debtor's estate.

(b)    In the event that the Court Action is subsequently reversed, vacated or withdrawn for any reason, the escrow in Paragraph 1 shall be fully reinstated upon such occurrence, and shall be subject to disbursal in accordance with Paragraph 2 above and to enforcement by either Party.

(c)    Upon failure to reinstate the escrow pursuant to subparagraph (b) above within ten (10) calendar days after a Court Action (the "Trigger Date"), Debtor shall be obligated to pay Pollack the Settlement Sum plus any costs and expenses, including attorneys' fees, incurred by Pollack to reinstate the escrow and/or enforce the payment obligation.    As security for the obligations under the provision, the Debtor has agreed to, and shall execute and deliver to Pollack's counsel in escrow the affidavit of confession of judgment in the form attached as Exhibit B, which Pollack may file with the Clerk of the County of New York on or after the Trigger Date, without further notice, and immediately enforce.

13.    **Entire Agreement**. This Stipulation sets forth all of the terms, conditions and agreements between the Parties hereto with respect to the subject matter hereof, and there are no agreements, promises, representations or warranties made or given in connection with any of the foregoing or concerning the subject matter hereof that are not contained herein.

14.    **Multiple Counterparts and E-Mail/Facsimile Signatures**. This Stipulation may be signed in multiple counterparts, and when each Party has signed a counterpart hereof, each such counterpart shall be a binding and enforceable agreement as an original.    In addition, this

Stipulation may be executed by e-mail or facsimile, and such e-mail or facsimile signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail.

15.    **No Third-Party Beneficiaries**. Nothing in this Stipulation, express or implied, in intended, or shall be construed to confer upon, or to give to, any person or entity other than the Parties any right, remedy or claim under or by reason of this Stipulation or any condition or stipulation thereof, and the stipulations and agreements contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties.

16.    **Construction and Interpretation**. This Stipulation shall be deemed to have been jointly drafted by the Parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Stipulation or this Stipulation as a whole was, prepared or requested by such party. Paragraph headings are included for convenience only, and do not constitute substantive contents of this Stipulation.

17.    **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are confirmed by the Parties as true and correct and are hereby incorporated in full as if included *verbatim*, and are made a part of, this Stipulation. The recitals are a substantive and contractual part of this Stipulation.

18.    **Approval Declined by Court**.

(a)    Except as provided in the subparagraph 18(b) below, if the Bankruptcy Court declines to approve the settlement contained within this Stipulation for any reason, then, excluding the allowance of the Allowed Pollack Claim which shall survive such disposition by the Bankruptcy Court: (i) the terms and conditions of this Stipulation shall be null and void and of no

10

force or effect in favor of or against any Party except that the allowance of the Allowed Pollack Claim shall survive such disposition, and (ii) under Rule 408 of the Federal Rules of Evidence, this Stipulation shall not be admissible in any court proceeding for any purpose, and the agreement or the fact that the Parties entered into the Stipulation shall not constitute evidence of the truth of any of the Parties' respective allegations, contentions, claims and/or defenses.

(b)    Subparagraph 18(a) above shall not apply in the event that the Debtor's bankruptcy case is dismissed before the Bankruptcy Court enters an order on whether or not to approve this Stipulation.  In such case, the Parties agree to be bound between themselves by all other terms and conditions of this Stipulation with the same effect as if this Stipulation had been approved by the Bankruptcy Court.

19.    **No Admission of Liability**.  This Stipulation is an integrated compromise of all disputes between and among the Parties.  Neither this Stipulation nor any of its contents shall be construed as an admission of liability by any Party except to the extent of the Allowed Pollack Claim and any other amounts to which Pollack may be entitled pursuant to this Stipulation.  All communications (whether oral or in writing) between and/or among Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Stipulation, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party shall seek to admit this Stipulation into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Stipulation.

20.    **Acknowledgment of the Parties**.  Each Party acknowledges that he/she: (a) has relied on its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining

11

whether or not to enter into this Stipulation (other than the representations set forth in this Stipulation); (b) has conducted his/her own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Stipulation; and (c) possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Stipulation.

21.    **Fees and Costs**.  Each Party agrees to bear its own costs and expenses, including attorneys' fees, arising out of any of the matters raised in or addressed by this Stipulation.

22.    **Binding Agreement**.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, trustees, administrators and assigns, including any bankruptcy trustee that may be appointed for the Debtor.

23.    **Amendment**.  This Stipulation may not be amended or modified other than in writing executed by the Parties.

24.    **Multiple Counterpart Signatures**.  Except as otherwise required, this Stipulation may be signed in multiple counterparts and by facsimile or electronic transmission (in .PDF format) if necessary, each of which, when taken together, shall constitute one (1) executed original.

25.    **Voluntary Signature**.  By signing this Stipulation, each of the Parties hereto acknowledges that each has read all of the terms of this Stipulation and enters into those terms voluntarily and without duress, has had an opportunity to consult with counsel of such Party's choosing, and that he/she/it has the authority to bind himself/herself/itself to this Stipulation.

26.    **Governing Law**.  This Stipulation and the rights and obligations of the Parties under this Stipulation shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York.

27.  **Retention of Jurisdiction**.  The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation to the extent provided by applicable law.

Dated: May 18, 2020
        Wantagh, New York

                    **LaMONICA HERBST & MANISCALCO, LLP**
                    *Special Counsel to the Debtor*

        By:  _____

                    Joseph S. Maniscalco, Esq.
                    A Member of the Firm
                    3305 Jerusalem Avenue
                    Wantagh, New York 11793
                    Telephone:     (516) 826-6500
                    Email: jsm@lhmlawfirm.com


                    **Penny Ann Bradley**
                    Debtor and Debtor in Possession

        By:  _____

                    PENNY ANN BRADLEY

Dated: May 18, 2020
      New York, NY

**PRYOR CASHMAN LLP**
*Counsel to Russell Pollack and Lydia Pollack*

By:     */s/ Richard Levy, Jr.*
     Richard Levy, Jr., Esq.
     Marion Harris, Esq.
     7 Times Square
     New York, NY 10036-6569
     Telephone:    (212) 421-4100
     Email: rlevy@pryorcashman.com
            mharris@pryorcashman.com

**Russell Pollack and Lydia Pollack**

By:     _____
     RUSSELL POLLACK

By:     _____
     LYDIA POLLACK

Dated: May 18, 2020
     New York, NY

**PRYOR CASHMAN LLP**
*Counsel to Russell Pollack and Lydia Pollack*

By: _____

Richard Levy, Jr., Esq.
Marion Harris, Esq.
7 Times Square
New York, NY 10036-6569
Telephone:    (212) 421-4100
Email: rlevy@pryorcashman.com
      mharris@pryorcashman.com

Russell Pollack and Lydia Pollack

By: _____
RUSSELL POLLACK

By: _____
LYDIA POLLACK

14

# **EXHIBIT A TO STIPULATION**

# LaMonica Herbst & Maniscalco, LLP

*Moving Forward. Staying Ahead.®*

**Joseph S. Maniscalco, Esq.**
Member
p: 516.826.6500 x218
jsm@lhmlawfirm.com

May 18, 2020

**Via Email Trasmission**
Richard Levy, Jr., Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569

Re:    **In re Penny Ann Bradley,**
       **Case No. 18-10122 (JLG) (Bankr. S.D.N.Y.)**

Dear Mr. Levy:

As you know, this firm is special counsel to Penny Ann Bradley (the "Debtor") in the above-referenced case.

This letter confirms the agreement by your clients, Russell Pollack and Lydia Pollack, and the Debtor, effective as of the date of this letter, to resolve the proof of claim filed by your clients against the Debtor on August 22, 2019 in the amount of $500,000.00.  Their proof of claim is designated on the claim register in the Debtor's case as Claim No. 6-1.  In accordance with the understandings and agreements reached between our respective clients, this letter confirms that, effective as of the date of this letter, your clients have agreed to reduce Claim No. 6-1 to the amount of $125,000.00, and that the claim is a general unsecured claim.  On behalf of the Debtor, I confirm that, as so amended and reduced, the Debtor irrevocably and unconditionally agrees that, as of the date of this letter, Claim No. 6-1 is an allowed general unsecured claim for all purposes in and in connection with the Debtor's bankruptcy case and any dismissal of the Debtor's bankruptcy case.

**LaMonica Herbst & Maniscalco, LLP**

Richard Levy, Esq.
May 18 2020
Page 2


      If this letters accurately reflects our understanding, please sign where indicated below and I will file promptly it with the Bankruptcy Court.

                        Very truly yours,
                        */S/ Joseph S. Maniscalco*
                        Joseph S. Maniscalco


**ACCEPTED AND AGREED:**

PRYOR CASHMAN LLP

By: *_/s/ Richard Levy, Jr., Esq._*
         Richard Levy, Jr.

*Attorneys for Russell Pollack and*
*Lydia Pollack*

# EXHIBIT B TO STIPULATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

RUSSELL POLLACK and LYDIA POLLACK,        Index No. _____

                 Plaintiffs,        **AFFIDAVIT OF JUDGMENT
                                                 BY CONFESSION**

     v.

PENNY ANN BRADLEY,

                 Defendant.

------------------------------------------------------------X

STATE OF NEW YORK        )
                       ) ss.:
COUNTY OF NEW YORK     )

      **PENNY ANN BRADLEY**, being duly sworn, deposes and says:

      1.      I am an individual and party to that certain Stipulation of Settlement dated May 18, 2020 (as at any time amended and/or modified, the "Stipulation"), entered into by and between Russell Pollack and Lydia Pollack (collectively, the "Plaintiffs"), on the one hand, and me, on the other hand.  Capitalized terms used but not defined herein have the meanings assigned in the Stipulation.

      2.      I am executing this Affidavit of Judgment by Confession  (the "Affidavit") (a) in my individual capacity; (b) in accordance with the terms of the Stipulation; (c) based upon my personal knowledge of the facts and circumstances set forth hereinafter; and (d) after having the advice of counsel, who has fully explained the nature of the within Affidavit, including why I am executing this Affidavit and the rights Plaintiffs have by reason of my execution of this Affidavit.

3.      I am executing this Affidavit in order to induce Plaintiffs to enter into the Stipulation.

4.      I currently reside at 40 East 78th Street, Apartment 11F, New York, New York, 10075.

5.      Upon the occurrence of a failure by me to pay to Plaintiffs the full amount of the Settlement Sum in accordance with Paragraph 12(c) of the Stipulation and any costs and expenses provided therein, I hereby authorize Plaintiffs to file this Affidavit with the Clerk of the Supreme Court of the State of New York, County of New York, and I authorize the Clerk of the Supreme Court of the State of New York, County of New York, to enter judgment in favor of Plaintiffs and against me in the amount of one hundred twenty-five thousand dollars ($125,000.00), less any amount actually collected by Plaintiffs as part of the Settlement Sum after the date of this Affidavit (if any).

6.      I hereby authorize the entry of a judgment against me as confessed herein in the County of New York, State of New York, where I reside.

7.      This Affidavit is for a debt justly due and owing to Plaintiffs by me arising out of the facts set forth in the Stipulation, including the following facts:  Pursuant to the Stipulation, I am obligated to pay to Plaintiffs, as of the Due Date provided by Paragraph 12(c) of the Stipulation, the full amount of $125,000.00 plus any costs and expenses of collection, as the amount agreed by me to settle disputes with Plaintiffs pursuant to the Stipulation.

8.      The sum confessed herein is justly due to Plaintiffs from me as of the date of this Affidavit, and this Affidavit is not made for the purpose of securing Plaintiffs against a contingent liability.

9.      This matter does not concern a purchase of fifteen hundred dollars or less of any commodities for use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.


_____
**PENNY ANN BRADLEY**


Subscribed and sworn to before
me this \_\_\_day of May, 2020.


_____
       Notary Public

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Chapter 11

PENNY ANN BRADLEY,

Case No.: 18-10122 (JLG)

                        Debtor.

------------------------------------------------------------x

### ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF SETTLEMENT

Upon the motion ("Motion") of Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her special counsel, seeking entry of an Order, pursuant to 11 U.S.C. § 105(a) ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), approving a stipulation of settlement ("Stipulation") among the Debtor, Russell Pollack and Lydia Pollack; and upon the Order scheduling a hearing on shortened notice of the Motion ("Scheduling Order"); and upon the Affidavit of Service of the Motion and the Scheduling Order; and upon the hearing held before the Court on June 4, 2020 ("Hearing"), the transcript of which is incorporated herein by reference; and the Court having found that the settlement among the Debtor, Russell Pollack and Lydia Pollack is fair, equitable, and in the best interests of the Debtor's estate and its creditors; and no additional notice being necessary or required, now, for the reasons stated by the Court at the Hearing, it is hereby

ORDERED that the Stipulation annexed hereto as Exhibit A is hereby approved; and, it is further

ORDERED that the Debtor is authorized and empowered to expend such funds and execute

and deliver any and all documents as are reasonably necessary to implement the terms of this Order

and the Stipulation of Settlement.

Dated: June _____, 2020
       New York, New York

                                    _____
                                    Honorable James L. Garrity, Jr.
                                    United States Bankruptcy Judge

# EXHIBIT A

***(Stipulation to be annexed)***