**LaMONICA HERBST & MANISCALCO, LLP**
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

PENNY ANN BRADLEY,

              Debtor.

------------------------------------------------------------------x

Chapter 11

Case No.: 18-10122 (JLG)

### APPLICATION FOR AN ORDER SHORTENING TIME FOR THE HEARING ON DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF SETTLEMENT

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE

Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her undersigned special counsel, submits this application ("Application"), for entry of an Order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), shortening the time for the hearing to consider the Debtor's motion for entry of an Order, pursuant to 11 U.S.C. § 105(a) ("Bankruptcy Code") and Bankruptcy Rule 9019, approving a stipulation of settlement among the Debtor, Russell Pollack and Lydia Pollack ("9019 Motion") filed concurrently herewith and incorporated by reference. In support of this Application, the Debtor respectfully represents as follows:

### PRELIMINARY STATEMENT

The 9019 Motion represents a critical step in the Debtor's Chapter 11 case. Subject to Court approval, the Debtor has already reached an agreement with another of her largest creditors (Lewis

H. Berman LLC). See Dkt. No. 247. By the 9019 Motion, the Debtor seeks approval of a stipulation resolving all disputes between the Debtor and Pollack including, but not limited to, the disputed Pollack Claim, Pollack's joinder to pending motions and any objection of Pollack to the Debtor's pending motion to dismiss her Chapter 11 case. To the extent the Court approves the relief requested in the 9019 Motion and the motion to approve the agreement with Lewis H. Berman LLC, the Debtor will have reached agreements with all of her significant creditors except for Atlas Union Corp. and NSM82 LLC.

The hearing on the Debtor's motion to approve the agreement with Lewis H. Berman LLC and the Debtor's motion to dismiss her Chapter 11 case is presently scheduled for June 4, 2020. The Debtor submits that, considering the overlapping issues among the various pending motions and in the interest of judicial economy, cause exists to shorten time for the hearing on the 9019 Motion so that it too can be heard on June 4, 2020. For these reasons and the reasons set forth below, the Debtor respectfully requests that the Court schedule a hearing on shortened notice for June 4, 2020 to the consider the relief requested in the 9019 Motion.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 18, 2018, the Debtor, *pro se*, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. See Dkt. No. 1. On March 1, 2018, the Debtor filed her bankruptcy schedules and statement of financial affairs. See Dkt. No. 27.

3.	On July 17, 2019, NSM82 LLC ("NSM82") filed a motion to appoint a Chapter 11 Trustee in this case ("NSM82 Trustee Motion"). See Dkt. No. 131. Atlas Union Corp. ("Atlas") filed a joinder to the NSM82 Trustee Motion. See Dkt. No. 133. The Debtor opposed the NSM82 Trustee Motion. See Dkt. No. 139. NSM82 replied. See Dkt. Nos. 141, 148. Pollack filed a joinder to the NSM82 Trustee Motion. See Dkt. No. 142. The United States Trustee filed a statement in support of the NSM82 Trustee Motion. See Dkt. No. 145. The Debtor replied to the NSM82, the Pollack and the United States Trustee. See Dkt. No. 149-152. The adjourned hearing on the NSM82 Trustee Motion is currently scheduled for June 4, 2020.

4.	On September 19, 2019, Lewis H. Berman LLC ("Berman") filed a motion to appoint a Chapter 11 Trustee in this case ("Berman Trustee Motion"). See Dkt. No. 167. The Debtor opposed the Berman Trustee Motion. See Dkt. No. 198. Berman replied. See Dkt. No. 207. The adjourned hearing on the Berman Trustee Motion is currently scheduled for June 4, 2020.

5.	On October 4, 2019, the Debtor filed an objection to the proof of claim filed by the Pollack. See Dkt. No. 183. The Pollack responded to the objection. See Dkt. No. 204. The Debtor replied. See Dkt. No. 210. The claim objection is pending. The adjourned hearing on the claim objection is currently scheduled for June 4, 2020.

6.	On October 9, 2019, the United States Trustee filed a motion to convert the Debtor's Chapter 11 case to a Chapter 7 case ("UST Motion"). See Dkt. No. 185. The Debtor opposed the UST Motion. See Dkt. No. 193. The UST Motion is pending and a hearing is currently scheduled for June 4, 2020.

7.	On March 10, 2020, the Debtor filed a motion to approve a settlement among the Debtor, Berman and David Bradley ("Berman 9019 Motion"). See Dkt. No. 247. Slawomir Konopka filed an objection to Berman 9019 Motion. See Dkt. No. 258. Atlas objected to the

Berman 9019 Motion, see Dkt. No. 260, and NSM82 joined in their objection, see Dkt. No. 266.

The Debtor replied to the objections. See Dkt. Nos. 268, 271. Berman also replied. See Dkt. No.

276. A preliminary hearing on the Berman 9019 Motion was conducted on April 28, 2020. The

hearing was adjourned and is currently scheduled for June 4, 2020.

8.      On March 10, 2020, the Debtor filed a motion to dismiss this case ("Dismissal

Motion"). See Dkt. No. 248. Atlas objected to the Dismissal Motion, see Dkt. No. 263, and NSM82

joined in their objection, see Dkt. No. 266. The Debtor replied to the objections. See Dkt. No. 274.

A preliminary hearing on the Dismissal Motion was conducted on April 28, 2020. The hearing

was adjourned and is currently scheduled for June 4, 2020.

## RELIEF REQUESTED AND BASIS FOR RELIEF

9.      By this Application, the Debtor seeks the entry of an Order shortening the notice

period for the 9019 Motion. A proposed Order is annexed as Exhibit A ("Scheduling Order").

10.     As set forth above and reflected in the record of this case, multiple motions are

pending and presently returnable June 4, 2020. There are overlapping issues between the pending

motions and the 9019 Motion, approval of which will resolve all disputes relating to Pollack.

11.     Pursuant to Bankruptcy Rules 2002(a)(3), twenty-one days' notice of a hearing on

approval of a compromise or settlement is typically required. See FED. R. BANKR. P. 2002(a)(3).

However, Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1 provide that the Court, for

cause shown, may in its discretion (with or without motion or notice) reduce such notice periods.

See FED. R. BANKR. P. 9006(c); Local Rule 9077-1. Moreover, pursuant to Bankruptcy Rule 9007,

the Court has authority to regulate the time within which and the form and matter in which, notice

shall be given, which includes the authority to determine appropriate notice for conducting a

hearing on the matters presented by the 9019 Motion. See FED. R. BANKR. P. 9007.

12.     For the reasons set forth herein, the Debtor submits that cause exists for the 9019

Motion to be heard on an expedited basis on June 4, 2020. The Debtor proposes that the 9019

Motion and a copy of the Scheduling Order be served by electronic mail or overnight mail, if

necessary (given the status of the global crisis and quarantine, the Debtor submits that serving via

electronic mail is a more effective service since most recipients are working remotely) upon the

following parties and that such service be deemed adequate:

  a.  the United States Trustee;

  b.  Russell Pollack and Lydia Pollack, through their counsel;

  c.  all entities who have requested notice under Bankruptcy Rule 2002;

  d.  all known creditors of the Debtor; and

  e.  applicable federal, state and local regulatory and taxing authorities.

### NO PRIOR REQUEST

13.     No prior request for the relief sought in this Application has been made to this or

any other court.

WHEREFORE, the Debtor respectfully requests the entry of the Scheduling Order,

substantially in the form attached hereto as Exhibit A, together with such other and further relief

as deemed just and proper.

Dated: May 21, 2020
       Wantagh, New York        **LaMONICA HERBST & MANISCALCO, LLP**
                                Special Counsel to the Debtor and Debtor-in-Possession

                        By:     *s/ Joseph S. Maniscalco*
                                Joseph S. Maniscalco, Esq.
                                A Member of the Firm
                                3305 Jerusalem Avenue, Suite 201
                                Wantagh, New York 11793
                                Telephone: (516) 826-6500

5

**LaMONICA HERBST & MANISCALCO, LLP**
*Special Counsel to Penny Ann Bradley*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

PENNY ANN BRADLEY,

         Debtor.

-----------------------------------------------------------------x

Chapter 11

Case No.: 18-10122 (JLG)

## AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1

Joseph S. Maniscalco, Esq., an attorney duly admitted to practice before this Court, affirms

under penalty of perjury:

1.     I am a member of the law firm LaMonica Herbst & Maniscalco, LLP, special

counsel to Penny Ann Bradley, the Chapter 11 debtor and debtor-in-possession ("Debtor").

2.     I submit this affirmation in accordance with Local Bankruptcy Rule 9077(1) in

support of the Debtor's application ("Application") for entry of an Order pursuant to Rule 9006(c)

of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 9077-1 of the Local

Bankruptcy Rules for the Southern District of New York ("Local Rules"), shortening the time for

the hearing to consider the Debtor's motion for entry of an Order, pursuant to 11 U.S.C. § 105(a)

and Bankruptcy Rule 9019, approving a stipulation of settlement among the Debtor, Russell

Pollack and Lydia Pollack ("9019 Motion")[1]

3.     As set forth in the Application, the Debtor is proceeding by Order scheduling a

hearing on shortened notice rather than by notice of motion because multiple motions are pending

---

[1]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the
Application.

1

and presently returnable June 4, 2020. There are overlapping issues between the pending motions

and the 9019 Motion, approval of which will resolve all disputes relating to Pollack. For these and

the reasons set forth in the Application, the Debtor requests entry of an Order scheduling a hearing

on shortened notice of the 9019 Motion.

4.      No previous request for relief sought by the Debtor in the Application has been

made to this or any other Court.

Dated:  May 21, 2020
        Wantagh, New York

                        *s/ Joseph S. Maniscalco*
                        Joseph S. Maniscalco, Esq.
                        LaMonica Herbst & Maniscalco, LLP
                        3305 Jerusalem Avenue, Suite 201
                        Wantagh, New York 11793
                        Telephone: (516) 826-6500

2

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                  Chapter 11

PENNY ANN BRADLEY,                                      Case No.: 18-10122 9 (JLG)

        Debtor.
------------------------------------------------------------x

### ORDER SHORTENING TIME FOR HEARING ON MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING STIPULATION OF SETTLEMENT

Upon the application dated May 21, 2020 ("Application") of Penny Ann Bradley, the

Chapter 11 debtor and debtor-in-possession ("Debtor"), by and through her special counsel,

seeking the entry of an Order, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Southern

District of New York ("Local Rules"), shortening the time for the hearing to consider the Debtor's

motion for entry of an Order, pursuant to 11 U.S.C. § 105(a) ("Bankruptcy Code") and Bankruptcy

Rule 9019, approving a stipulation of settlement among the Debtor, Russell Pollack and Lydia

Pollack ("9019 Motion"); and upon the Affirmation Pursuant to Local Rule 9077-1 in support of

the Application; now, therefore, it is hereby

**ORDERED**, that the Application to shorten time for notice of the hearing on the 9019

Motion is approved; and, it is further

**ORDERED**, that a hearing shall be held on **June 4, 2020 at 2:00 p.m.** before the

Honorable James L. Garrity, Jr., United States Bankruptcy Judge, either: (a) at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601,

New York, New York 10004-1408; or (b) by telephone per General Order M-543 to the extent

applicable. Parties wishing to participate in the hearing should consult the Court's website

([www.nysb.uscourts.gov](www.nysb.uscourts.gov)) before appearing in person; and, it is further

ORDERED, that a copy of this Order and the 9019 Motion shall be served by electronic

mail or overnight mail, if electronic mail is not known, on or before **May_____, 2020** upon:

   a.   the United States Trustee;

   b.   Russell Pollack and Lydia Pollack, through their counsel;

   c.   all entities who have requested notice under Bankruptcy Rule 2002;

   d.   all known creditors of the Debtor; and

   e.   applicable federal, state and local regulatory and taxing authorities;

and, it is further

ORDERED that objections, if any, to the 9019 Motion must be in writing, conform with

the Bankruptcy Code, Bankruptcy Rules and the Local Rules, and be filed electronically with the

Court on or before **May___, 2020 by 4:00 p.m.**; and, it is further

ORDERED that proof of service in accordance with this Order shall be filed with the Court

prior to the Hearing; and, it is further

ORDERED that the Debtor is authorized and directed to take such steps, execute such

documents and expend such funds as may be reasonably necessary to effectuate and implement

the terms and conditions of this Order.

Dated: May ____, 2020
       New York, New York

                                          _____
                                          Honorable James L. Garrity, Jr.
                                          United States Bankruptcy Judge